WILLIAM H. DE CAMP, Respondent, *v.* JOHN E. McINTIRE, Impleaded, etc., Appellant.

Upon trial of an action on a promissory note a motion for a nonsuit was made on the ground that the note in suit was barred by the statute of limitations. The plaintiff asked leave to amend his complaint by substituting as his cause of action a claim for lumber sold and delivered, which he alleged was the original consideration of the note. An order was thereupon entered, which provided that on payment of certain costs plaintiff have leave to withdraw a juror and move at Special Term for leave to amend his complaint. In case said motion was denied the order provided that the complaint should be dismissed, with costs, "as moved by the defendant." A juror was withdrawn, plaintiff made the motion for leave to amend, which was denied and judgment was entered dismissing the complaint. Upon appeal by him the General Term reversed the judgment for error in the rejection of evidence. Defendant appealed to this court, claiming that plaintiff could not review the judgment because he accepted its rendition as one of the conditions of the withdrawal of a juror and the permission granted him to move for an amendment of his complaint. *Held*, untenable; that the purpose of the order was to give plaintiff an opportunity for his motion, and if he failed,

to put both parties in their original position; that the nonsuit was to be considered as if the trial had ended in that manner, and plaintiff had liberty to question the decision on appeal.

The complaint alleged that the note in suit was dated November 10, 1877, that no part thereof had been paid, "except $278.11, on or about February 12, 1880." The answer denied "that any sum was ever paid by defendants, or either of them, as part payment of said note, or on account of it," and alleged that plaintiff, for a good and valuable consideration, agreed, on or about February 12, 1880, to accept said sum of $278.11 in full satisfaction and discharge of the claim against defendants, "which was the sole and only consideration of said note." Upon the trial plaintiff put in evidence a receipt or agreement, signed by defendants, dated February 12, 1880, acknowledging the receipt from plaintiff of the discharge of his mechanic's lien upon certain railroad property, the same to be returned within a reasonable time, or "in lieu thereof the sum of $278.11 to be received in settlement and discharge of said lien from record, as against the owner, and to be credited on account of moneys paid on the claim, as against the contractors, * * * the balance to be settled hereafter." Plaintiff offered evidence showing that the claim referred to was the demand represented by the note. This was rejected. *Held*, error; that the sole issue presented by the pleading was as to whether the payment was made on the note or in accord and satisfaction; that the evidence bore directly upon that issue, as it tended to prove that the payment made was, in truth, a payment upon the debt which the note represented, the effect of which payment would be to save the bar of the statute.

(Argued June 11, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 3, 1887, which reversed a judgment in favor of plaintiff, entered upon an order denying plaintiff's motion to amend his complaint and dismissing the complaint, reversed the order so far as it dismissed the complaint and ordered a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*William B. Hornblower* for appellant. Defendant having accepted the benefit of the order of April fifteenth forever estopped himself from disputing its propriety in any respect. (*Smith* v. *Rathbun*, 75 N. Y. 112; *Brady* v. *Donnelly*, 1 id.

126; *Marvin* v. *Marvin*, 11 Abb. [N. S.] 97; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Grattan* v. *Met. L. Ins. Co.*, 80 id. 281, 290; *Carll* v. *Oakley*, 97 id. 633; *Platt* v. *Cohoes*, 8 Abb. N. C. 392, 400; *Dambmann* v. *Schulting*, 6 Hun, 29; *Canary* v. *Knowles*, 41 id. 552; *Fisher* v. *Dougherty*, 42 id. 166; *Taussig* v. *Hart*, 1 J. & S. 160; *Noble* v. *Prescott*, 4 E. D. S. 139.) The said order must, therefore, because it neither has been nor could be appealed from, be taken as the settled law of the case. That is, upon the pleading and proofs of the plaintiff the complaint must be dismissed. The appeal brings up only the question whether the subsequent order and judgment conform to this order. (*Reese* v. *Smith*, 95 N. Y. 645; *Maddock* v. *Van Kleeck*, 17 J. & S. 496; *Town of Lyons* v. *Chamberlain*, 25 Hun, 69; *Piper* v. *Van Buren*, 27 id. 384; *Patterson* v. *McCunn*, 38 id. 531; *Mapes* v. *Coffin*, 5 Paige, 200; *Sands* v. *Codwise*, 4 Johns. 536.) As there is no pretense that the judgment and order of June third do not conform to the order of April fifteenth, the appeal from them brought up nothing for review. (*In re Larsen*, 96 N. Y. 381; *McMahon* v. *Raube*, 47 id. 67.) The defendant did not, by not objecting or assenting to the making of a case on appeal by the plaintiff, waive the objection, that as to the conduct of the trial the order of April fifteenth was a finality. (*Knapp* v. *Brown*, 11 Abb. [N. S.] 118.) The General Term could consider only such rulings as were excepted to, and had no power to reverse for any error in the admission or rejection of evidence to which plaintiff took no exception. (*Day* v. *Town of New Lots*, 107 N. Y. 148, 153; *Edmonston* v. *Edmonston*, 13 Hun, 130, 135; *Briggs* v. *Waldron*, 83 N. Y. 582; *Keyes* v. *Devlin*, 3 E. D. Smith, 518.) It is only when there is a motion for a new trial and an appeal from an order denying such motion that the court can reverse for error of law not excepted to. (*Boos* v. *W. Ins. Co.*, 64 N. Y. 236; *Pharis* v. *Geer*, 112 id. 408, 413.) Such a motion can only be made after a verdict. It cannot be made in case of a nonsuit. (*Healey* v. *T. T. S. R. Co.*, 11 Daly, 281; *First Nat. Bank* v. *Clark*, 3 N. Y.

S. R. 438; *Van Dorn* v. *Horton*, 19 Hun, 7.) When evidence is excluded upon a mere general objection, the ruling will be upheld, if any ground in fact existed for the exclusion. (*Toohey* v. *Bacon*, 70 N. Y. 34.) As the witness probably answered before the objection could be interposed, it was in the discretion of the trial judge to grant the motion, if an objection to the question would have been good. (*Miller* v. *Montgomery*, 78 N. Y. 282.) The testimony was clearly incompetent. The witness should have been asked if there were any other claims than that represented by the note. If there were others, it was not for the witness, but the jury, to say, from all the facts in the case, to which claim the memorandum referred. (Wood on Lim. 161, § 68; *Blair* v. *Lynch*, 105 N. Y. 636, 640; *Whitney* v. *Bigelow*, 4 Pick. 412.) The evidence was immaterial, because, in the absence of proof of more than one claim, the presumption was that it referred to that one. (*Bailey* v. *Crane*, 21 Pick. 323; Wood on Lim. 162, § 68.) The question, "What was meant by the claim referred to in the paper, Exhibit B?" was improper, as it called for the witness' understanding, not communicated to the defendant, of a written instrument. (*Murray* v. *Bethune*, 1 Wend. 191; *Taft* v. *Dickenson*, 6 Allen, 553; *Eble* v. *Chittenango Bk.*, 24 N. Y. 548; *Carr* v. *Breese*, 81 id. 584.) No exception having been taken to the direction of the nonsuit, it could not, therefore, be reviewed, even if the court could go behind the order of April fifteenth. (*Train* v. *Holland Ins. Co.*, 62 N. Y. 598; *Trustees, etc.*, v. *Kirk*, 68 id. 459; *Tooley* v. *Bacon*, 70 id. 34.) There was no evidence of any payment on account to take the case out of the statute. (*Blair* v. *Lynch*, 105 N. Y. 636; *U. S.* v. *Wilder*, 13 Wall. 254; *Linsell* v. *Bonsor*, 2 Bing. [N. C.] 241; *Rouse* v. *Whited*, 25 N. Y. 170; 1 Phill. on Ev. chap. 7, § 10, 1.) A mere agreement to receive a payment by a third party in the future is not evidence that the payment was, in fact, afterwards made. (*United States* v. *Wilder*, 13 Wall. 254; *Linsell* v. *Bonsor*, 2 Bing. [N. C.] 241; *Smith* v. *Ryan*, 66 N. Y. 352; *Littlefield* v. *Littlefield*, 91 id. 203; *Kelly*

v. *Weber*, 27 Hun, 8.) It was wholly immaterial whether or not the balance due on the note was the "claim" referred to in the memorandum introduced by the plaintiff, for that itself was not a sufficient acknowledgment to take any debt whatever out of the operation of the statute. (*Bell* v. *Morrison*, 1 Pet. 351, 362; *Purdy* v. *Austin*, 3 Wend. 187; *Hancock* v. *Bliss*, 7 id. 267; *Shepherd* v. *Thompson*, 122 U. S. 231; *Gilkyson* v. *Larne*, 6 W. & S. 213; *McClelland* v. *West*, 59 Penn. St. 487; *Deyo* v. *Jones*, 19 Wend. 491.) Taking the memorandum as a whole, it is obvious that its purpose is not to make an admission that the defendant owes a debt, but to permit the plaintiff to receive $278.11 on account, without prejudice to the balance of his "claim," whether well founded or not. Hence it is sufficient to save the statute. (*Cockrill* v. *Sparkes*, 1 H. & C. 699; *Green* v. *Humphrey*, L. R., 26 Ch. Div. 474.) The words "claim" and "settle" are, at best, ambiguous terms, and by themselves are insufficient under the general rule requiring that the acknowledgment shall "be plain, unambiguous, express and so distinct and palpable in its extent and form as to preclude doubt and hesitation." (*McClelland* v. *West*, 59 Penn. St. 487; *Fort* v. *Gooding*, 9 Barb. 371; *Hart* v. *Prendergast*, 14 M. & W. 741; *Penn* v. *Crawford*, 16 La. Ann. 255; *Brayton* v. *Rockwell*, 41 Vt. 621; *Emerson* v. *Miller*, 27 Penn. St. 278; *Bell* v. *Crawford*, 8 Gratt. 110; *Ayres* v. *Richards*, 12 Ill. 14; *City of Fort Scott* v. *Hickman*, 112 U. S. 150.)

*James Fox* for respondent. Objections to testimony, without assigning any ground therefor, will be disregarded on appeal, unless it clearly appears that the objection, if properly made, would have been decisive of the case, and could not have been obviated. (*Levin* v. *Russell*, 42 N. Y. 251; *Tooley* v. *Bacon*, 70 id. 34; *Daly* v. *Byone*, 77 id. 182; *Moran* v. *N. Y. C. R. R. Co.*, 67 Barb. 96.) When an objection is to the mode of proving a fact, and not to the proof of the fact itself, the objection should be distinctly placed on that ground to be available on appeal, and a general

objection will be disregarded. (*Ward* v. *Fitzpatrick*, 85 N. Y. 413; *Vincent* v. *Cook*, 4 Hun, 318; *Murphy* v. *People*, 63 N. Y. 590.) Parol evidence is admissible to explain the meaning of ambiguous terms in a written instrument. (*Coleman* v. *M. B. I. Co.*, 94 N. Y. 229; *Simons* v. *F. N. Bk.*, 93 id. 269; *Petit* v. *Shepard*, 32 id. 97.) Parol evidence is competent to explain a receipt. (*Ryan* v. *Ward*, 48 N. Y. 204; *Smith* v. *Holland*, 61 id. 635.) Where a question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, it is admissible. (*Nicolay* v. *Unger*, 80 N. Y. 54, 57.) If the ground of defendant's motion to dismiss the complaint was that there had been no proof to take the case out of the statute of limitations, the motion should have been expressly put on that ground so that the defect could have been supplied. (*Binsse* v. *Wood*, 39 N. Y. 526, 532; *Althouse* v. *Wells*, 40 Hun, 336; *Webb* v. *Odell*, 49 N. Y. 583; *Bommer* v. *Am. Sp., etc., Co.*, 81 id. 470; *Clews* v. *N. Y. B. Assn.*, 105 id. 398.) By the answer, a payment was admitted of $278.11 on February 12, 1880, which payment would take the case out of the statute of limitations; and the burden of showing that this payment was in full accord and satisfaction, as pleaded, and not merely on account, rested on the defendant. (*Ryan* v. *Ward*, 48 N. Y. 204; *McClellan* v. *Crofton*, 6 Me. 308; *Keeler* v. *Salisbury*, 33 N. Y. 648, 653; *Home Ins. Co.* v. *W. T. Co.*, 51 id. 93.)

FINCH, J. We do not think that the circumstances of the trial put the plaintiff in the attitude of consenting to the judgment of nonsuit rendered against him, or debar him from assailing that judgment as erroneous. When the motion was made it seemed likely to be successful upon the ground that the note upon which he sued was barred by the statute of limitations, and the plaintiff thereupon asked leave to amend his complaint by substituting as his cause of action his claim for lumber sold and delivered, which he declared to have been the original consideration of the note. Thereupon an order was

entered, which appears in the judgment-roll, that on payment of certain costs the plaintiff have leave to withdraw a juror and move at Special Term for leave to amend his complaint. The order further provided, " that in case the plaintiff shall fail to make such motion within ten days after service upon his attorney of a copy of the order and notice of entry thereof, or in case such motion shall be duly made and denied, that the complaint be dismissed, with costs, as moved by the defendant at the trial. A juror was accordingly withdrawn and the plaintiff made his motion, which was denied and judgment ordered dismissing his complaint. From that judgment he appealed and the General Term reversed it for error in the rejection of evidence, and the defendant appealed to this court, insisting that the plaintiff could not review the judgment because he accepted its rendition as one of the conditions of the withdrawal of a juror and the permission granted him to move for an amendment of his complaint. We do not think that is a fair construction of the order. The condition was not that he should consent to a nonsuit or be bound by it without right of review, but that it should be granted "as moved by the defendant at the trial." The purpose seems to have been to give the plaintiff opportunity for his motion, but if he failed, both parties were to be put in their original position as if no juror had been withdrawn and the nonsuit be granted as if the trial had ended in that manner and at that point. The defendant was thus at liberty to enter his judgment and the plaintiff to question it on appeal if he should see fit.

This brings us to the alleged errors in the rejection of competent and material evidence. To appreciate them properly it is necessary to understand the issues presented for trial. The complaint counted upon a note made by defendants to plaintiff's order, dated November 10, 1877, and alleged that no part thereof had been paid, except the sum of $278.11, on or about February 12, 1880. The answer denied " that any sum was ever paid by the defendants, or either of them, as part payment of said note or on account of it." The denial is not of the alleged payment of $278.11, but of its

payment *on the note.* And the meaning of this denial is made quite plain by the added defense that the plaintiff, for a good and valuable consideration, agreed, on or about February 12, 1880, to accept the said sum of $278.11 in full satisfaction and discharge of the claim against defendant, "which was the sole and only consideration of said note." The pleadings were verified, and they disclose that no issue was raised over the fact of a payment of $278.11 at the date alleged, but over the question whether that conceded payment was made on the note as the plaintiff alleged and the defendant denied, or whether it was made as an accord and satisfaction as the defendant alleged, and the fact one way or the other was very material in view of the defendant's plea of the statute of limitations. In that state of the pleadings the plaintiff put in evidence a receipt or agreement signed by the defendant, dated February 12, 1880, the day on which the payment was made. That acknowledged the receipt from plaintiff of a discharge of his mechanic's lien on the depot of the Second Avenue Railroad Company, the same to be returned to him within a reasonable time; or, "in lieu thereof the sum of $278.11 *to be* received from the railroad company in settlement and discharge of said lien from record *as against the owner*, and to be credited on account of moneys paid on the *claim* as against the contractors John E. & James McIntire and William Warren; the *balance* to be settled hereafter," etc. This receipt showed that the $278.11, concededly paid plaintiff was so paid, not only in discharge of the lien, but on account of a claim which plaintiff had against the defendants and Warren, a balance of which remained unpaid, but what it did not show was that the claim was the identical demand represented by the note, and so the payment was upon the note. The answer admitted that identity, but did so as part of a plea of accord and satisfaction which the plaintiff feared to admit by reading that part of the answer in evidence, and so he sought to establish the identity of the claim on which the money was paid with the note.

While on the stand as a witness the plaintiff was asked, " What is the claim referred to as against the contractors John E. & James McIntire?" He answered, "The balance due from the note." The defendant moved to strike out the answer, which motion was granted, and the plaintiff excepted. He was asked again, " What was meant by the claim referred to in Exhibit B " which question was excluded under exception. These rulings were erroneous. A fact and not an opinion was sought, and that fact one which bore directly upon the principal issue in the case. The importance of the receipt and agreement lay not in its sufficiency to establish a written promise to pay the debt so as to save it from the bar of the statute. It may be, as the appellant contends, that it was insufficient for that. But it tended to prove that the payment made was, in truth, a payment upon the debt which the note represented, if the identity of that claim and the consideration of the note was established; and the effect of such payment would save the statute. It must be assumed that the nonsuit was granted on the ground that the note was barred, but if plaintiff showed a payment upon it in 1880, the nonsuit would have been wrong, and the excluded evidence would have completed the chain of proof in that respect.

The order of the General Term should be affirmed, with costs, and judgment absolute be entered against the defendant upon his stipulation.

All concur.

Order affirmed and judgment accordingly.