GEORGE W. DRISCOLL, as Receiver of the Property of WILLIAM W. DOWNER, MARCELLUS JOHNSON and MINARD C. FANCHER, v. WILLIAM W. DOWNER, MARCELLUS JOHNSON and MINARD C. FANCHER, THE FIRST NATIONAL BANK OF BALDWINSVILLE, New York, and GILES B. EVERSON, as Assignee of the Goods and Effects of said DOWNER, JOHNSON & FANCHER.

*Motion to dismiss a complaint — leave granted on certain conditions to plaintiff, on his application, to amend the complaint — the plaintiff, failing to comply with the conditions, cannot claim that the original complaint stated a cause of action.*

In an action brought by a receiver, appointed in proceedings supplementary to execution, to reach personal property of the debtor alleged to have been fraudulently transferred, the defendants' attorneys moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, in that it did not show a judgment docketed in any county of this State, nor an

execution thereon issued to a county in which the judgment-roll was filed
or judgment docketed, nor to any county wherein the defendants, or either of
them, resided.

The court held that the objections were well taken, and thereupon the plaintiff's
attorneys asked leave to amend the complaint in the particulars objected to,
which motion was granted on condition that the trial stand over to a day fixed
and the plaintiff pay ten dollars costs and witness fees to each of the defendants'
attorneys.

This condition not having been complied with, the complaint was dismissed.

*Held,* that the plaintiff, having applied for the leave granted, was not in a position,
on appeal from the judgment of dismissal, to review the ruling of the court upon
the sufficiency of the complaint.

APPEAL by plaintiff, upon questions of law and upon the facts,
from a judgment, entered, after a trial before a Special Term held
in the county of Onondaga, in the office of the clerk of the county
of Onondaga on the 20th day of May, 1889, and from an order,
entered in the action in said clerk's office on the 16th day of May,
1889, and from an order, entered in an action in said clerk's office
on the 13th day of May, 1889.

The order of May 13, 1889, recited that the case had been reached
in its regular order, and was moved by the plaintiff and opened;
that the defendants moved that the complaint be dismissed on the
ground that the complaint did not state facts sufficient to constitute
a cause of action, and that the court having entertained the motion,
and held that the complaint was defective, the plaintiff asked leave
to amend, which defendants objected to, and thereupon ordered
that plaintiff have leave to amend the complaint in certain particu-
lars, on condition that the trial stand over to May sixteenth, and that
plaintiff pay ten dollars costs and witness, fees to each of defendants'
attorneys appearing for different parties, such amendment to be
made and costs paid on or before said May sixteenth, to which time
the court and cause were adjourned, and that if such amendment
was not made and costs paid, then the complaint be dismissed, with
costs to each defendant separately answering.

The order of May 16, 1889, after referring to the previous order
and its contents, stated that the cause was regularly called, and it
appearing that such order had not been complied with by plaintiff,
and the plaintiff stating in open court that he did not intend to com-
ply with it, and ordered, in confirmation of the order of the thirteenth,
and on motion of the defendants' attorney, that "the plaintiff's said

complaint be and is hereby dismissed, with costs to each defendant separately answering." The judgment was entered in conformity with these orders.

The action was brought by the plaintiff as receiver in proceedings supplementary to execution of the property and effects of the defendants William W. Downer, Marcellus Johnson and Minard C. Fancher, to reach personal property alleged to have been transferred by Downer, Johnson & Fancher in fraud of creditors, and especially in fraud of the plaintiffs in the judgment upon which the supplementary proceedings were taken. It was not alleged that the judgment was docketed in any county, nor an execution thereon issued to a county in which the judgment-roll was filed or judgment docketed, nor to any county wherein the defendants or either of them resided. It was alleged that the defendants were partners "doing business at the village of Baldwinsville in said county;" that "judgment was duly recovered in this court;" "that on the 2d day of January, 1889, execution was duly issued on said judgment to the sheriff of said Onondaga county, and on the fifth day of February the same was duly returned wholly unsatisfied;" that afterwards, in proceedings supplementary to execution on said judgment, an order was duly made by the county judge of Onondaga county requiring the defendants to appear and answer, and on the 21st day of March, 1889, the plaintiff "was duly appointed receiver" of the property and effects of said defendants, and the receiver duly accepted the trust and entered upon the discharge of his duties.

The case and exceptions, as settled, show that the case came on for trial at the Onondaga Special Term on the 13th of May, 1889. After the plaintiff's attorney had opened and offered to prove the allegations of the complaint, the defendants' attorney moved to dismiss the complaint upon the grounds "that it did not show facts sufficient to constitute a cause of action ; it did not show a judgment docketed in any county of this State, nor an execution thereon issued to a county in which the judgment-roll was filed or judgment docketed nor to any county wherein the defendants or either of them resided." The court held that the objections were well taken and that the motion must be granted. Thereupon the plaintiff's attorney asked leave to amend the complaint in the particulars objected to, which was granted and the order of May 13, 1889, made. On the

sixteenth of May the case was again called. It appeared that the complaint had not been amended and the plaintiff's attorney stated that he did not intend to do so, but requested to be allowed to make further arguments in regard to the sufficiency of the complaint and to prove the allegation thereof. The defendants objected and the court overruled the plaintiff's request, and plaintiff's attorney excepted thereto. Whereupon the court, on motion of the defendants' attorney, made the order of May 16, 1889. No exception was taken by plaintiff to the ruling of the court on May 13, holding that the defendants' objections to the complaint were well taken.

*William G. Trotter*, for the appellant.

*John C. Hunt*, for the respondents.

MERWIN, J. :

The plaintiff upon this appeal seeks to review the ruling of the court at the trial that the complaint was defective. He, however, took no exception to such ruling. He applied for and obtained leave to amend, one of the conditions of the order being that in case he did not amend and pay certain costs within a certain time the complaint should be dismissed. In regard to such a case it was held in *Weichsel* v. *Spear* (47 N. Y. Superior Court R. [15 J. & S.], 223 ; affirmed, 90 N. Y., 651), that the party plaintiff, upon whose request leave to amend was granted upon payment of certain costs, otherwise the complaint to be dismissed as not containing facts sufficient to constitute a cause of action, would not be heard to impugn the order as being irregular or erroneous.

There is nothing to show that the amount of costs imposed, as a condition to the amendment, was unreasonable, and upon failure to amend the dismissal of the complaint would follow. The plaintiff had the benefit of the leave given. Whether further discussion upon the adjourned day should be allowed upon the sufficiency of the complaint was entirely a matter of discretion with the trial court, and the exception to the refusal of the court to grant the request of the plaintiff on that subject is not here available. The order of May 16, 1889, was, in effect, the final decision of the court upon which the judgment is based. No exception to it was filed.

It seems to me that the plaintiff is not in a position to have

reviewed the ruling upon the sufficiency of the complaint. The action of the court thereon transpired at the trial. The plaintiff having asked and obtained leave to amend, and having had to a certain extent the benefit of the order, and not having excepted to the ruling, the only relief he was entitled to was to amend and proceed with the action.

It follows the judgment and orders must be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and orders affirmed, with costs.