HELEN S. WRIGHT, Respondent, *v*. THE SYRACUSE, BINGHAM-TON AND NEW YORK RAILROAD COMPANY, Appellant.

(Argued March 18, 1891; decided April 7, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 18, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

*Louis Marshall* for appellant.

*John A. Collier Wright* for respondent.

Agree to affirm; no opinion.
All concur, except FOLLETT, Ch. J., not sitting.
Judgment affirmed.

---

GEORGE T. NEWHALL, Respondent, *v*. WILLIAM H. APPLETON et al., Appellants.

Where incompetent evidence has been admitted on the trial of an action and it affirmatively appears from the opinion below that it was relied on in deciding a material issue, its admission cannot be regarded as a harmless error and will be sufficient ground for the reversal of a judgment.

Defendants contracted to pay plaintiff for orders obtained for certain serial publications. In an action upon the contract, one H., who had been employed by plaintiff as an assistant under a contract expressed in the same terms, was permitted to testify, under objection, as to what he understood the language used entitled him to receive. A judgment in favor of plaintiff was rendered and the referee, in his opinion, referred to the evidence as corroborative of plaintiff's understanding of the contract. *Held*, that the evidence was incompetent, and its reception error, requiring a reversal.

Defendants claimed that the orders referred to meant orders given by persons accepting and paying for the whole or some part of the work subscribed for, and did not include those given by persons who refused to take and pay therefor in whole or in part. The referee allowed plaintiff to prove that many subscribers failed to perform their contracts by reason of defendants' delay in making delivery. *Held*, no error.

Reported on former appeals, 102 N. Y. 133; 114 id. 140.

(Argued March 19, 1891; decided April 7, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 27, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The following is the opinion in full:

"D. Appleton & Co. were the publishers of Picturesque Europe, Picturesque America, Turner's Gallery, the American Cyclopedia and the Condensed Cyclopedia. The first two mentioned works were each issued in about sixty monthly parts at fifty cents a number. Turner's Gallery was issued in about fifty monthly parts at the same price per number. The American Cyclopedia consisted of sixteen, and the Condensed Cyclopedia of four volumes, the latter being sold, bound, at $7.50 per volume, and in parts at fifty cents a number.

"Between December 20, 1877, and May 20, 1878, the plaintiff was engaged under an oral contract with D. Appleton & Co. in procuring subscribers for these works in the states of Louisiana and Texas. The plaintiff alleges that by the terms of the oral contract he is entitled to receive $15 for every order obtained for the American Cyclopedia, $6 for every order for a bound set of the Condensed Cyclopedia and $4 for every order for the other publications. The defendants contend that by the terms of their contract the plaintiff was entitled to receive $15 for every *bona fide* subscriber for the American Cyclopedia who should accept and pay for five volumes of that work, or $20 for each subscriber who should receive and pay for a whole set at one time, $6 an order for the Condensed Cyclopedia delivered in bound volumes or $3.50 when delivered in parts, and $4 each for every *bona fide* order for any one of the serials when ten parts had been accepted and paid for. The defendants also contended before the referee and asked him to find that the words "order" and "subscription," as between publishers and canvassers, meant when used as a basis of the latter's compensation, orders or subscriptions given by persons accepting and paying for the whole or some part of the work subscribed for and did not include those given by irresponsible persons who refused to take and pay for a whole or any part of it. The referee found that the plaintiff obtained the following orders:

18 for the American Cyclopedia, for which he was
    entitled to $15 each............................     $270

6 for bound sets of the Condensed Cyclopedia, for
    which he was entitled to $6 each...............     36

515 for Turner's Gallery, Picturesque Europe and
    Picturesque America, for which he was entitled to
    $4 each.....  ..............................     2,060

    Total......................................     $2,366
The plaintiff has been paid.....................     865

Due plaintiff, with interest from June 1, 1878......     $1,501

"While prosecuting the business, the plaintiff employed one Holbrook as an assistant, under a contract expressed in the same words as the contract which the plaintiff claims to have made with the defendants. Holbrook was called as a witness in behalf of plaintiff and permitted to testify over defendants' objection and exception that he understood the language employed to entitle him to receive $4 for every signature obtained by him to the serials above mentioned. By allowing this witness to declare his understanding of his rights under his contract with the plaintiff he was permitted to testify to the legal effect of the one between the parties to this action, which was clearly incompetent. Whether the plaintiff's or the defendants' version of the contract was correct was a sharply-litigated question of fact, upon the determination of which the learned referee rested his decision of the case, and in his opinion, he referred to this evidence of Holbrook as corroborative of that of the plaintiff. When it affirmatively appears by the opinion that incompetent evidence was relied on in deciding a material issue, its admission cannot be held to be a harmless error. (*Woodgate* v. *Fleet*, 44 N. Y. 1, 14, 20.)

"The refereee did not err in permitting the plaintiff to prove that many of the subscribers failed to perform their contracts by reason of the defendants' delay in making deliveries. This evidence was not relevant upon the issue as to what the contract was, nor as to the meaning of the words "order" or

"subscription," but had the referee taken the defendants' view of the contract or of the meaning of those words, it would have become competent to show that many of the subscriptions which the plaintiff obtained and forwarded to the defendants became worthless by their neglect to deliver the works as agreed with the subscribers.

" The judgment should be reversed and a new trial granted, costs to abide the event."

*Edward Winslow Paige* for appellants.

*Wm. W. Badger* for respondent.

FOLLETT, Ch. J., reads for reversal.
All concur.
Judgment affirmed.

JOHN J. P. READ, Respondent, *v.* THE BANK OF ATTICA, Appellant.

Where a certificate of deposit issued by a bank contained no provision for the payment of interest, *held*, that in an action thereon against the bank testimony of an oral agreement made by the bank at the time of the deposit to pay interest was incompetent.
Reported below, 55 Hun, 154.

(Argued March 5, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made December 30, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover a sum of money deposited by plaintiff with defendant, with interest from the date of the deposit.

The following is the opinion in full:

" We agree with the court below in all respects save one. The admission of parol testimony tending to show an agreement by the defendant to pay interest was error, because its purpose was to vary the terms of the certificate of deposit, which was as follows: