(7 Misc. Rep. 181.)

### MEAD v. POPE.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

ASSUMPSIT—GOODS SOLD—DISMISSAL AT CLOSE OF PLAINTIFF'S CASE.

Where plaintiff continuously delivered goods at defendant's premises for about two years, taking receipts from the person in charge there, and defendant paid plaintiff's bills rendered during part of the time on such receipts, and there was no evidence of revocation of the implied authority of such person to receive the goods, refusal, at the close of plaintiff's case, to dismiss a complaint for the price of the goods delivered during the balance of the time, was proper.

Appeal from first district court.

Action by James Mead against William B. Pope for goods sold and delivered. From a judgment in favor of plaintiff, rendered by a justice without a jury, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

James Forrest, for appellant.

W. Arrowsmith, for respondent.

GIEGERICH, J. The appellant's sole exception, as appears from the record, was taken to the denial of his motion to dismiss the com-

plaint, made upon the close of the plaintiff's case. Evidence was adduced, upon the part of the plaintiff, showing that the coke in question had been continuously delivered at the premises owned since July, 1891, by the defendant; that bills for the same, made out in defendant's name, were paid, partly in cash, and partly by defendant's check, during the period from July 11, 1891, to March 10, 1892; and that these bills were founded upon receipts for the material, signed with defendant's name by the engineer upon the premises. There unquestionably was sufficient evidence to support a cause of action for the price of the material which was shown to have been furnished in the usual manner, upon similar receipts by the engineer, for a period subsequent to March 10, 1892, no notice of revocation of the engineer's ostensible authority, as implied from this course of dealing, having been given. The exception does not present error. The evidence given on behalf of the defendant created a conflict upon a question of fact, the determination of which was peculiarly within the province of the justice below, and is not the subject of review here, the elements justifying such review not appearing in this case. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Dempsey v. Paige, 4 E. D. Smith, 219. The question of change of title in the premises cannot be considered upon the record submitted. For all that appears, the deed mentioned as offered in evidence by the defendant was not received, but no exception appears. The deed is not found with the return, and evidence is absent upon the point. The judgment should be affirmed, with costs.