(12 Misc. Rep. 15.)

### HENRY v. AGOSTINI et al.

(Common Pleas of New York City and County, General Term.    April 1, 1895.)

1. PAROL EVIDENCE—AMBIGUITIES IN WRITTEN CONTRACT.
     In elucidation of an ambiguity in a written contract, evidence is admis-
     sible of conversations and circumstances attending the negotiation of the
     agreement.
2. EVIDENCE—ACTS AND DECLARATIONS INTER ALIOS.
     Acts and declarations inter alios are not admissible to affect the parties
     to an action.

**3. APPEAL FROM CITY COURT—REVIEW OF EVIDENCE.**
    Affirmance of a judgment by the general term of the city court precludes all review of the evidence by this court, except to ascertain if there be any to support the judgment.
(Syllabus by the Court.)

Appeal from city court, general term.

Action by Ralph Henry against Joseph Agostini and others. From a judgment of the city court (31 N. Y. Supp. 1128) affirming a judgment in favor of plaintiff, defendants appeal.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Henry L. Burnett, for appellants.
Stewart & Macklin, for respondent.

PRYOR, J.    The argument of the appellants proceeds on the assumption of power in this court to reverse the judgment because contrary to the weight of evidence, whereas our only function is to ascertain whether the findings of the trial judge be supported by any competent evidence.    Farley v. Lyddy, 8 Daly, 514; McEteere v. Little, Id. 167.    In resistance to a recovery by plaintiff for work and material on defendants' buildings, the defenses were— First, that the contract was not with defendants; and, secondly, nonperformance of the contract by the plaintiff.    As upon both issues, the plaintiff produced sufficient proof to sustain the findings, we are concluded by the affirmance at general term.    Dearing v. Pearson, 8 Misc. Rep. 270, 28 N. Y. Supp. 715.

Conceding such evidence, the defendants challenge its competency.    By written contract the plaintiff engaged to furnish frames and sashes for "windows" in defendants' buildings, and the question is whether parol evidence was admissible to show that only exterior, and not interior, windows were intended.    In the popular sense, undoubtedly, the opening in a light shaft is not a "window," and yet, among builders, the word may be so understood. Being susceptible, therefore, of diverse meanings, the equivocal contract was open to oral explanation,—emphatically so when the object of the evidence was to identify the subject-matter of the agreement.    Paper Co. v. Moore, 104 N. Y. 680, 10 N. E. 861; Dwight v. Insurance Co., 103 N. Y. 342, 8 N. E. 654; De Camp v. McIntire, 115 N. Y. 258, 22 N. E. 215; Campbell v. Jimenes (Com. Pl. N. Y.) 23 N. Y. Supp. 333, again on appeal 7 Misc. 77, 27 N. Y. Supp. 351.    Though the question calling for the contents of the plan were irregular, the answer is proper, since it speaks only to the condition of the paper when given to the witness, and not to its present appearance.    If competent, claim the defendants, the same sort of evidence was allowable to them, but the court ruled otherwise.    The offer rejected was of bids and estimates for the work by others, but no such proof was introduced by the plaintiff, and it was plainly irrelevant to the issue in controversy.    The fact that others understood the plan to include interior windows, and proposed to furnish them for a little more than the plaintiff charged, tends in no legal sense to ascertain the intent of the contract as accepted by the parties.    Besides, acts and declarations inter

alios could not be received to affect the plaintiff. Newhall v. Appleton, 124 N. Y. 668, 26 N. E. 1107; Id., 102 N. Y. 133, 6 N. E. 120; Rutherford v. Schattman, 119 N. Y. 604, 605, 23 N. E. 440; 1 Greenl. Ev. § 52. Judgment affirmed, with costs. All concur.