(13 Misc. Rep. 254.)

## SMIDT v. DESSAR.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

CONTRACTS—INTERPRETATION.
   Defendant employed plaintiff to try cases before commissioners at $40 per case, and guarantied two cases per week. *Held*, that defendant was not liable to plaintiff for any cases furnished to, but not tried by, him.

Appeal from Eleventh district court.

Action by Allan Lee Smidt against Leo C. Dessar on a contract for legal services. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

William C. Reddy, for appellant.
Burr & De Lacy, for respondent.

BOOKSTAVER, J.   The agreement sued upon is as follows:

"It is agreed between Leo C. Dessar and Allan Lee Smidt that Smidt is to commence April 7th, 1892, the trial of cases before commissioners at a fee of $40.00 per case ($25.00 cash and $15.00 on collection); Dessar guarantying Smidt two (2) cases per week. Either party may terminate this agreement by one week's notice to the other.

"N. Y., April 6th, 1892.　　　　　　　　　[Signed]　　Leo C. Dessar."

The plaintiff's claim rests upon the contention that under this agreement the defendant guarantied him 2 cases a week; that he worked 10 weeks before the commission, and during that time tried 17 cases, no more being given him; and he seeks to recover $120 for the 3 cases so withheld.   Defendant contends that he had a calendar of 50 cases to be tried; that he turned this over to plaintiff; and that plaintiff had entire charge of it, and in the 10 weeks tried them as rapidly as he could, and tried all he could before the commission adjourned, in number 17, for which he has been paid.   The agreement was correctly interpreted by the justice. Under it, the defendant guarantied to plaintiff 2 cases a week, but he only agreed to pay him for the cases he actually tried; and the whole matter resolves itself into a question of fact as to whether defendant furnished the cases according to the guaranty.   This question has been decided upon a conflict of testimony in favor of the defendant, and the justice's decision thereon will not be disturbed in the absence of inadvertence, mistake, prejudice, or passion on his part.   Mead v. Pope, 7 Misc. Rep. 181, 27 N. Y. Supp. 338.

The plaintiff challenges the decision upon the further ground that the justice erred in excluding testimony as to the terms of the contract.   There is no ambiguity in the contract, and its construction was for the court, whose interpretation, as we have said before, we think was correct, and the exclusion of this testimony was not error.   Gerard v. Cowperthwait (Com. Pl. N. Y.) 21 N. Y. Supp. 1092;  Campbell v. Jimenes (Com. Pl. N. Y.) 27 N. Y. Supp. 351. For these reasons, the judgment must be affirmed, with costs.