## MORRIS v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. February 20, 1903.)

1. PLEADINGS—PERMISSION TO AMEND—TERMS—DEFAULT—JUDGMENT.
Where, after a jury was impaneled, on plaintiff's application a juror was withdrawn, and plaintiff was granted leave to amend his complaint within a specified time on payment of the taxable costs, and, if he failed to pay such costs and serve an amendment within such time the defendants were permitted to enter judgment dismissing the complaint, with costs, a judgment entered pursuant to such order, on plaintiff's failure to pay the costs and amend, will be sustained.

Appeal from Special Term, New York county.

Action by Francis Morris against Edward R. Thomas and another. After an order granting leave to the plaintiff to amend his complaint, he defaulted therein, and from a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Simon Sultan, for appellant.

James S. Lehmaier, for respondents.

McLAUGHLIN, J.   At the trial, after a jury had been impaneled, and before any further proceedings had been taken, a motion was made by the defendants to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and thereupon, upon plaintiff's application, a juror was withdrawn, and plaintiff was granted leave to serve an amended complaint within the time specified upon payment of the taxable costs in the action to that time, and, if he failed to pay such costs and serve an amended complaint within the time named, the defendants were permitted to enter judgment dismissing the complaint, with costs. The plaintiff having made default in this respect, the defendants entered a judgment dismissing the complaint, with costs, from which, and the order authorizing its entry, plaintiff has appealed.

The order was obtained upon plaintiff's motion. By it he obtained the right to amend upon conditions. Having obtained this right, he was obliged to comply with the conditions, if he did not want his complaint dismissed. The order so provides. In Weichsel v. Spear, 47 N. Y. Super. Ct. 223, substantially the same question was presented as here. There the trial court ordered that the complaint be dismissed, unless the plaintiff amended his complaint within four days, which he was permitted to do on payment of costs. He failed to comply with the terms of the order, and judgment was entered dismissing the complaint, from which he appealed. The judgment on appeal was affirmed by the late General Term, and also by the Court of Appeals. 90 N. Y. 651. The decision in this case was also followed in Driscoll v. Downer, 55 Hun, 531, 9 N. Y. Supp. 129, which was also affirmed by the Court of Appeals. 125 N. Y. 728. And to the same effect is Austin v. Wauful, 36 N. Y. St. Rep. 779. If the plaintiff did not want a judgment entered against him dismissing his complaint, he should have complied with the order which he had obtained, and, not having done so, he must be held to have consented to it. The case of De Camp v. McIntire, 115 N. Y. 258, 22 N. E. 215, in no way militates against this rule. There the action was upon a promissory note, and at the trial a motion for a nonsuit was made upon the ground that the note was barred by the statute of limitations. When this motion was made the plaintiff asked leave to amend his complaint by substituting as his cause of action a claim for materials sold and delivered, which he alleged was the original consideration of the note. In pursuance of this application an order was entered, which provided that upon the pay-

ment of certain costs the plaintiff have leave to withdraw a juror, and move at Special Term for leave to amend his complaint, and, in case the motion was denied, then the complaint should be dismissed, with costs. The Special Term denied leave to amend, and thereupon judgment was entered dismissing the complaint, with costs, and all that was held was that under such circumstances the plaintiff did not consent to the judgment, and manifestly he did not, because he could not have prevented its entry. Here the plaintiff did consent to the entry of the judgment, because he had it within his power, by simply complying with the terms of the order which he has obtained, to prevent it.

The judgment and order appealed from, therefore, should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN and HATCH, JJ., concur. LAUGHLIN, J., concurs upon the ground that, the withdrawal of the juror having been allowed on the plaintiff's motion, upon the condition that he pay the costs and amend, while it was optional for him whether to amend or not, he was obligated to pay the costs, or be deemed to have consented to a dismissal of the complaint.