FRANCIS MORRIS, Appellant, *v.* EDWARD R. THOMAS and EDWIN M. POST, Respondents.

*Appeal — it cannot be taken from a judgment dismissing a complaint, entered because of the plaintiff's failure to take advantage of an order made on his application authorizing him to pay costs and amend his complaint.*

Where, after a jury has been impaneled for the trial of an action, the defendant moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and, upon the plaintiff's application a juror is withdrawn and an order made permitting the plaintiff to serve an

amended complaint within a specified time, upon payment of the taxable costs of the action to date, and providing that, if he fails to pay such costs and to serve the amended complaint within that time, the defendant may enter judgment dismissing the complaint, with costs, if the plaintiff does not comply with the condition of the order and a judgment is entered dismissing his complaint, with costs, he will be held to have consented to the entry of such judgment, and cannot appeal therefrom.

APPEAL by the plaintiff, Francis Morris, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 7th day of May, 1902, upon the dismissal of the complaint by direction of the court at the New York Trial Term after the impaneling of a jury, and also from an order entered in said clerk's office on the 1st day of May, 1902, dismissing the complaint.

*Simon Sultan,* for the appellant.

*James S. Lehmaier,* for the respondents.

McLAUGHLIN, J.:

At the trial, after a jury had been impaneled and before any further proceedings had been taken, a motion was made by the defendants to dismiss the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and thereupon, upon plaintiff's application, a juror was withdrawn and plaintiff was granted leave to serve an amended complaint within a time specified, upon payment of the taxable costs in the action to that time, and if he failed to pay such costs and serve an amended complaint within the time named, the defendants were permitted to enter judgment dismissing the complaint, with costs. The plaintiff having made default in this respect, the defendants entered a judgment dismissing the complaint, with costs, from which, and the order authorizing its entry, plaintiff has appealed.

The order was obtained upon plaintiff's motion. By it he obtained the right to amend, upon conditions. Having obtained this right, he was obliged to comply with the conditions, if he did not want his complaint dismissed. The order so provides. In *Weichsel* v. *Spear* (47 N. Y. Super. Ct. 223) substantially the same question was presented as here. There the trial court ordered that the complaint be dismissed, unless the plaintiff amended his com-

plaint within four days, which he was permitted to do on payment, of costs. He failed to comply with the terms of the order, and judgment was entered dismissing the complaint, from which he appealed. The judgment, on appeal, was affirmed by the late General Term of the Superior Court of the City of New York and also by the Court of Appeals (90 N. Y. 651). The decision in this case was also followed in *Driscoll* v. *Downer* (55 Hun, 531), which was also affirmed by the Court of Appeals (125 N. Y. 728). And to the same effect is *Austin* v. *Wauful* (36 N. Y. St. Repr. 779). If the plaintiff did not want a judgment entered against him dismissing his complaint, he should have complied with the order which he had obtained, and not having done so, he must be held to have consented to it.

The case of *De Camp* v. *McIntire* (115 N. Y. 258) in no way militates against this rule. There the action was upon a promissory note, and at the trial a motion for a nonsuit was made, upon the ground that the note was barred by the Statute of Limitations. When this motion was made, the plaintiff asked leave to amend his complaint by substituting as his cause of action a claim for materials sold and delivered, which he alleged was the original consideration of the note. In pursuance of this application an order was entered, which provided that upon the payment of certain costs the plaintiff have leave to withdraw a juror and move at Special Term for leave to amend his complaint, and in case the motion was denied, then the complaint should be dismissed, with costs. The Special Term denied leave to amend, and thereupon judgment was entered dismissing the complaint, with costs, and all that was held was that under such circumstances the plaintiff did not consent to the judgment and manifestly he did not because he could not have prevented its entry. Here the plaintiff did consent to the entry of the judgment because he had it within his power, by simply complying with the terms of the order which he has obtained, to prevent it.

The judgment and order appealed from, therefore, should be affirmed, with costs.

Van Brunt, P. J., O'Brien and Hatch, JJ., concurred.

LAUGHLIN, J., concurred upon the ground that the withdrawal of the juror having been allowed on the plaintiff's motion, upon the condition that he pay the costs and amend, while it was optional for him whether to amend or not, he was obligated to pay the costs, or be deemed to have consented to a dismissal of the complaint.

Judgment and order affirmed, with costs.