GEORGE T. NEWHALL, Appellant, v. WILLIAM H. APPLETON et al., Respondents.

| 102 | 133 |
| 114 | 144 |
| 102 | 133 |
| 127 | 234 |

Defendants contracted to pay plaintiff "$4 an order," for subscriptions obtained by him for certain serials published by the former. In an action upon the contract defendants claimed that the orders referred to meant "proved orders," *i. e.*, orders upon which the serials subscribed for had been delivered and accepted. In support of their contention they were allowed to give in evidence their books containing accounts with other canvassers, wherein credit was given for good subscriptions only. It did not appear that plaintiff was cognizant of the transactions indicated or knew of any usage in respect to commissions. *Held* error; that the transactions thus proved were "*res inter alios acta*," and so incompetent.

*Newhall* v. *Appleton* (17 J. & S. 238), reversed.

(Argued March 10, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 25, 1883, which affirmed a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 17 J. & S. 238.)

This action was upon a contract, the nature of which and the facts so far as material to the question discussed are stated in the opinion.

*A. R. Dyett* for appellant. The admission of defendants' private books of account as evidence in their own favor was fatal error. It is clearly incompetent to allow a party to prove his own declarations while performing an agreement, for the purpose of characterizing the agreement itself. (*Reed* v. *U. S. Exp. Co.*, 48 N. Y. 468; *Whitehouse* v. *Bk. of Cooperstown*, id. 239; *Moore* v. *Meacham*, 10 id. 207; *Peck* v. *Von Kellar*, 76 id. 604; affirmed, 15 Hun, 470; *Homes* v. *Pettingill*, 60 id. 646; *White* v. *Ambler*, 8 id. 171; *Gilchrist* v. *Grocers' Co.*, 57 id. 495–9; *Dow* v. *Paine*, 4 id. 248; *Case* v. *Potter*, 8 Johns. 443; *Conklin* v. *Stamler*, 8 Abb. 395.)

*Edward W. Paige* for respondents.

ANDREWS, J. By the terms of the oral contract, as testified to by the plaintiff, and as found by the referee, the plaintiff was to be paid $4 an order, for subscriptions obtained by him for the serials, Picturesque Europe and Turner's Gallery, pub-

lished by the defendants. The plaintiff claimed that by the true interpretation of the contract, he was entitled to $4, for every *bona fide* subscription obtained. It was insisted on the other hand by the defendants that the contract meant that the plaintiff was to receive $4, for every good or proved subscription, meaning thereby a subscription upon which at least ten numbers of the serial subscribed for should be delivered and accepted. This question was regarded by the referee as the vital question in the case. The defendants sought to establish their interpretation of the contract by two lines of evidence, *first*, by showing that in the trade the words " $4 an order " meant $4 for a proved order, and *second*, that their contracts with their canvassers generally, were made with this understanding of the meaning of the phrase, and particularly that this was the understanding between them and the plaintiff. The defendants, in support of their case, were permitted to give in evidence, under objection, their books containing accounts with a number of persons who had been employed as canvassers, in which the subscriptions obtained were separated into two classes, proved and unproved, or good and bad, and a credit given for good subscriptions only. This evidence was, we think, incompetent. The transactions of the defendants with other agents were *res inter alios acta*. The only apparent object of the evidence was to show, by inference, either what the contract with the plaintiff was or the practice of the defendants in their business in respect to compensation. On neither ground can its admission be justified. It did not appear that the plaintiff was cognizant of the transactions indicated or knew the usage, and as to him the entries were the mere declarations of the defendants in their own favor. If the admission of the account of Taylor could be justified on the ground that it tended to impeach the plaintiff's witness, Hall, this would not cure the error in admitting the other accounts, which were received as general evidence in the cause. For this error, and without considering the other questions argued, the judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.