## ISAAC ALTMAN ET AL. V. GEORGE R. FOWLER.

*Bills and notes—Failure of consideration—Fraud—Notice with plea—Evidence—Assignment of chose in action—Pleading— Indorsement of non-negotiable note.*

1. A written promise to pay to the order of the payee a certain sum of money at a fixed date, and "attorney's fees," is not a negotiable promissory note; and such an instrument is inadmissible as evidence under the money counts, if objected to. *Altman v. Rittershofer*, 68 Mich. 287.

2. The testimony of defendant (see opinion) is held to tend to show an *entire* failure of consideration for the agreement sued upon.

3. In a suit to recover for the purchase price of goods sold upon certain alleged false representations as to quality and amount, etc., the defense being an *entire* failure of consideration, evidence of *other* similar sales and false representations by the vendor is inadmissible, having no tendency to prove the contract, or the alleged failure of consideration; but, if fraud had been set up under a proper notice, such testimony would have been admissible to show the *intent* of the vendor to defraud.

3. In a suit by the assignee of a chose in action in his own name, it is necessary to allege the assignment in the declaration.

4. In a suit by the assignee of a non-negotiable note, given on the purchase of goods by the vendee, in which he declares upon the common counts, he must recover, if at all, under the count for goods sold and delivered, and the assignment should be a transfer of *this* claim against the defendant, which does not pass by an assignment of the note.

5. In such a case, writing the name of the vendor (payee) across the back of the instrument cannot be construed as an assignment of the contract with the vendee (payor)

Error to Manistee. (Judkins, J.) Argued April 6, 1888. Decided April 27, 1888.

*Assumpsit* on a "Paisley-shawl Note." Plaintiffs bring error. Affirmed, for the reason that no other result could have been reached at the circuit under the declaration. The facts are stated in the opinion.

*Smurthwaite & Glassmire,* for appellants.

*S. W. Fowler,* for defendant.

[The points of counsel are stated in the opinion, and, the authorities cited being decisive, further amplification from the briefs of counsel is omitted.—REPORTER.]

CHAMPLIN, J. The declaration in this case is upon the common counts in *assumpsit,* and added thereto is a notice as follows:

"TO THE ABOVE-NAMED DEFENDANT:

"Take notice that, on the trial of the above cause, the plaintiffs, under the money counts, will give in evidence a certain promissory note, copy of which is given below."

This notice was signed by the plaintiffs' attorneys. The note reads as follows:

"$130.                    MANISTEE, MICH., Oct. 6, 1885.

"Six months after date I promise to pay to the order of

M. Cohn one hundred and thirty dollars at the First National Bank of Manistee, Mich., for value received, without any relief whatever from valuation or appraisement laws, with eight per cent. interest from date until paid, and attorney's fees.                    GEORGE R. FOWLER.

"No. 770.   Due April 9, 1886."

Indorsed on back: " M. COHN;  ALTMAN & Co."

The defendant pleaded the general issue.

On the trial the plaintiffs introduced and read the instru- ment in evidence, without objection, and gave evidence of the amount due thereon for principal and interest, and rested their case.

The defendant disclaimed any fraud in the transaction in which Cohn procured the note, and rested his defense entirely upon a failure or entire want of consideration for the promise contained in the instrument.

The case was tried before the opinion of this Court was handed down in the case of *Altman v. Rittershofer*, 68 Mich. 287 (36 N. W. Rep. 74), in which we held that such an instrument as is here set out is not a negotiable promissory note, and consequently it could not, if objected to, be intro- duced in evidence under the money counts of the declaration. The trial, however, in the court below, proceeded upon the theory that the instrument was a negotiable promissory note, and such theory seems to have been entertained and acquiesced in by both counsel and court.

The defendant resided in the township of Manistee, and gave evidence tending to prove that he was induced to give the note in question upon representations made to him by a stranger who called himself M. Cohn. This stranger and another man in his company called at defendant's house, and exhibited some shawls which he represented to be "true Paisley," and some rolls of cloth which he said he would warrant would make a good suit of clothes, including over- coat; and he would take and make the suit for defendant at

any time after the Monday following, at rooms which he claimed to have rented at Manistee, for $2.50, and furnish all the trimmings, including a velvet collar. After some conversation respecting the purchase, defendant finally told Cohn that in case he would take the goods back, and give up his note in a reasonable time, if the goods did not prove exactly as he said they were, he would sign the note; but if the goods failed to prove just as he said they were, he never would pay him one dollar, and he wanted Cohn should understand that. Cohn said.

"All right. If I would sign the note, and the goods did not prove exactly as he recommended, and he didn't make them up for that price, and furnish the trimmings and everything, if I would bring them back, he would pay me for all of the trouble, and take them back, and give me my note at any time between that time.     *     *     *     If I would come back, and bring them back, if I wasn't suited, he would give me my note back, and pay me all the trouble I was to."

The defendant also introduced testimony which tended to prove that the shawls were not Paisley shawls, but were cotton with figures stamped upon them, and that the coloring matter rubbed off, and stained and discolored the clothing worn under them; that the rolls of cloth were mere remnants, and did not contain material enough for a suit of clothes; and that on the Monday following defendant took them to Manistee to deliver them to Cohn, and take up his note, but found that Cohn had not rented a room, but had left the Saturday previous, and had not been seen in that vicinity since.

We think the testimony tended to show an entire failure of consideration.

The defendant, however, was permitted, against objection, to show by several witnesses that Cohn had made like representations and similar sales to them, and that such representations were false. The court admitted this class of

testimony for the purpose of corroborating the defendant's testimony as bearing on the question as to whether the defendant's theory was true. This was clearly error. Had the defendant set up the defense of fraud in the transaction under a proper notice, such testimony would have been admissible to show the intent of Cohn to defraud. *Beebe v. Knapp*, 28 Mich. 53; *Stubly v. Beachboard*, 68 Id. 401 (36 N. W. Rep. 192). But such testimony had no tendency to prove either the contract between Cohn and defendant, or the failure of consideration for which the note was given. The testimony could not fail to have a prejudicial effect upon the jury upon this branch of defendant's case.

The court submitted the testimony introduced by plaintiffs tending to show that they purchased the note of Cohn before maturity, in good faith, in the regular course of their business. His instructions upon this branch of the case were proper.

The jury returned a verdict for defendant.

If the declaration had disclosed a cause of action against defendant, we should feel bound to reverse the case, and order a new trial. But under the facts as disclosed it does not. The plaintiffs' counsel contend that if the instrument is not a negotiable note, yet the indorsement of the instrument and delivery thereof to plaintiffs operated as an assignment in fact, and would entitle them to maintain the action. If this were so as to the effect of the indorsement, it does not aid the plaintiffs.

We have held that, where an assignee of a chose in action brings suit in his own name, it is necessary to allege the assignment in the declaration; and, furthermore, the recovery must be had, if at all, under the count for goods sold and delivered, and the assignment should be a transfer of this claim against defendant, and does not pass by an assignment of the note. It is clear that writing the name of the vendor across the back of the instrument in question could not be

·construed into an assignment of the contract with the ·defendant.

As no other result could have been reached in the circuit ·court under this declaration, the judgment must be affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred.