## HENRY ROBERTS v. CHAS. J. DIXON.

1. CONTRACT, *Secondary Evidence to Prove.* Before secondary evidence of a private writing can be received, a party must in general show the loss or destruction of the original, or that he has used reasonable efforts and the means which were accessible to him to find the writing or to procure its production; and, if it appears to be in the hands of the adverse party, notice to produce the original is necessary in order to lay the foundation for the introduction of secondary evidence.

2. ———— *No Part of Contract.* Testimony that the defendant made a contract with a third party, containing certain conditions, is no proof of the contract made with the plaintiff, who had no connection with such third party.

### Error from Gray District Court.

ACTION by *Roberts* against *Dixon,* to recover a sum of money alleged to have been lent to defendant. Judgment for defendant, at the November term, 1889. The plaintiff brings the case here. The opinion states the facts.

*Sutton & McGarry,* for plaintiff in error:

Before the contents of a written instrument can be stated by the witness, it must be shown that the original is not within the control or custody of the party, and is not within the reach of the party desiring to offer it by the use of the usual processes for obtaining its introduction in court. *Guthrie v. Merrill,* 4 Kas. 187; *Shaw v. Mason,* 10 id. 184; Code of Civil Procedure, § 368.

The opinion of the court was delivered by

JOHNSTON, J.: Henry Roberts brought his action to recover from Chas. J. Dixon $1,500, alleged to have been loaned by Roberts to Dixon on October 20, 1884, upon an oral promise of Dixon to pay the same, with interest thereon at 8 per cent. per annum, within two years from the time the loan was made. The trial resulted in a judgment for Dixon, and Roberts complains of the rulings made in the admission of testimony.

After proof of the loan and the terms on which it had been made had been offered by Roberts, testimony was produced by Dixon tending to show that the money furnished to him by Roberts was not a loan, but was given to him to invest in cattle for Roberts, and at his risk, and that, as the investment or venture turned out to be a losing one, there was no money to be paid, and he was not indebted to Roberts. In proof of this theory, he was permitted to show the contents of two written receipts alleged to have been given by him to Roberts when the money was furnished. This secondary testimony was received over objection, without showing the loss or destruction of the originals, or that any reasonable effort had been made by the defendant to find or produce them. The only foundation or reason given for introducing evidence of their contents was that the originals were not then in the defendant's possession. This was insufficient. Before secondary evidence of such writing can be received, a party must in general show the loss or destruction of the original, or that he has used reasonable efforts and the means which were accessible to him to find the writing or cause its production; and, if it appears to be in the hands of the adverse party, notice to produce the original is necessary in order to lay a foundation for the introduction of secondary evidence. (1 Greenl. Ev., §§ 558, 560.) Section 358 of the civil code points out a method by which the defendant might have procured an inspection or the production of the receipts, but no such steps were taken, nor was there any such preliminary proof as warranted the production of oral evidence as to the contents of the receipts. (*Johnson v. Mathews*, 5 Kas. 118; *Shaw v. Mason*, 10 id. 184; *C. B. U. P. Rld. Co. v. Shoup*, 28 id. 394; *McCormick v. Roberts*, 32 id. 73; *Marsh v. Davis*, 33 id. 326.)

The defendant was also allowed to prove that he had cattle contracts with parties other than plaintiff, whereby he was furnished money to invest in cattle at the risk of the party furnishing the money. This testimony was clearly incompetent, and its admission material error. It does not appear

that Roberts had any connection with these other parties with whom Dixon had contracts. Testimony that Dixon made a certain contract with a third party is no proof of the contract which he made with Roberts. For these errors there must be a reversal of the judgment and a new trial.

All the Justices concurring.