**520  BURCH vs. CIRCUIT JUDGE (Montcalm), No. 14256.**

To permit the filing of an amended declaration.

Denied July 10, 1894, with costs.

Plaintiff, in April, 1889, declared on the common counts, appending the following:

$500                                    Fairplains, Nov. 11, 1885.

One year after date I promise to pay to Alonzo Russell or bearer the sum of five hundred dollars at the presenting of this note when due, for value received, no interest if paid when due, to be paid out of the profits of the working up Canada patent fence of A. & A. J. Russell, patented May 5, 1883, No. 16813.

No. 1, Due Nov. 11, 1886.                    ALFRED STONE.

The note was indorsed as follows: "Received on the within note $250, the above being an offset of one-half of the within note. May 7, 1888.

"A. B. DONALDSON."

"Received this 7th day of May, 1888, on the within note, $25.

"A. B. DONALDSON."

Defendant pleaded the general issue. Plaintiff afterwards, in April, 1894, asked leave to file an amended declaration, counting specially upon the instrument; alleging assignments to Donaldson, and from Donaldson to plaintiff; that the consideration for said instrument was certain valuable rights in a patent; that defendant had realized large profits from said patent, etc.

Leave was denied on the ground that the original declaration did not state a cause of action, and that the allowance of the amendment permitted the introduction of a cause of action now barred by the statute of limitations.

Relator contended that the commencement of suit was a demand for payment within the terms of the paper; that the motion to amend was made within six years after such demand; that the time when the paper became due was indefinite and uncertain, and could not be determined except by extrinsic evidence; that the amendment setting forth the assignment to Donaldson should be allowed as a matter of course, citing Kimball vs. Kimball, 16 M., 219; Kelly vs. Waters, 31 M., 405.

For respondent it was insisted that the appended paper was not a promissory note; Wait vs. Pomeroy, 20 M., 425; Brooks vs. Hargraves, 21 M., 254; Chandler vs. Carey, 64 M., 237; Altman vs. Rittershofer, 68 M., 287; that an amendment introducing a cause of action barred by the statute will not be allowed, Gorman et al. vs. Circuit Judge, 27 M., 138 (506); Mich. Cent. Ry. Co. vs. Circuit Judge, 35 M., 227 (495); Com. Fire Ins. Co. vs. Circuit Judge, 77 M., 236 (498); Nugent vs. Circuit Judge, 93 M., 462 (496), and that the original declaration fail-.

ing to aver an asignment, was no declaration, Altman vs. Fowler, 70 Mich., 57.