Filed Sept. 21, 1894.

———————◆———————

No. 1,294.

## Evans v. Koons.

Practice.—*Cause Originating Before Justice of Peace.*—*Sustaining Demurrer to Answer.*—The sustaining of a demurrer to an affirmative paragraph of answer in an action originating before a justice of the peace is not available error, as such facts were provable without being specially pleaded.

Evidence.—*Contract.*—*When not Provable by the Terms of Other Contracts.*—In an action to recover for the services of a stallion it is not competent to prove the terms of contracts made with other persons as to such service for the purpose of establishing the contract in this case.

Appellate Court Practice.—*Court will not Search Record for Errors not Pointed Out.*—Where reference is not made to the pages and lines of the record where alleged error may be found, the court will not search the record for them.

Instructions to Jury.—*Instruction Refused Given in Substance in Other Instructions.*—There is no available error in refusing an instruction where it is given in substance in other instructions.

From the Henry Circuit Court.

*J. M. Morris*, for appellant.

*J. Brown* and *W. A. Brown*, for appellee.

Reinhard, J.—This action was commenced before a

justice of the peace, for the recovery of the sum of $25 alleged to be due the appellee from the appellant for the service of a stallion.

The appellant filed an answer of general denial, and a second paragraph setting up a breach of warranty and failure of consideration. He also filed a counterclaim for breach of warranty, in which he claimed damages in the sum of $50. These pleadings bring the amount involved within the jurisdiction of this court, on appeal. There was a trial by jury and a verdict and judgment for the appellee in the sum of $10.

The court sustained a demurrer to the second paragraph of the answer, and this ruling is assigned as error. The cause having originated before a justice of the peace, the facts averred in the second paragraph of the answer, if they constituted a defense to the action, were admissible without special answer. R. S. 1894, section 1528 (R. S. 1881, section 1460). This being so, the appellant could not have been harmed by the ruling. *Tewksbury* v. *Howard*, 138 Ind. 103, 37 N. E. Rep. 355.

The second alleged error is the overruling of the motion for a new trial. One of the causes assigned in this motion is that the verdict is contrary to the law and the evidence. It is insisted, in argument by the appellant's counsel, that there is no evidence to sustain a verdict for $10; that under the evidence the appellee was entitled to recover $25, if anything at all, and that as there is no basis for a verdict of $10 the latter is contrary to law, and not supported by the evidence. In our opinion this argument is not tenable. If there was evidence upon which a verdict for $25 could have been upheld, it is not within the appellant's power to claim that the verdict was not for a sufficiently large amount.

The appellant offered to prove by John Crimm and other witnesses that the appellee, in the spring of 1891,

represented to them that his horse, Farren Wilkes, the horse for which services were claimed in the present action, was standard bred, eligible to registry in Wallace's American Trotting Register, and that if witness and others would breed their mares to his said horse, if he did not get him registered he would not charge them for the service of said horse.

This proposed testimony was, upon objection of appellee, excluded, and the appellant insists that such ruling was error. The appellant contends, in argument, that as there was a dispute between the parties as to what the contract between them really was, the appellant claiming that he was to pay nothing for the service of the stallion if appellee did not have him registered, the testimony offered and excluded would have been competent as tending to prove a custom on the part of appellee to make this agreement with his customers, and to corroborate the appellee in his version of the contract.

We are of opinion that the ruling was clearly right. We do not see how the fact that appellee made, or offered to make, other contracts about the time the present one was entered into, and that such other contracts were of the tenor and effect of the one which the appellant claims was made in the present instance, would tend to prove that the contract in the case at bar was such as the appellant asserts. Had the offer been to prove by evidence of written or printed advertisements, or even by oral testimony, the general or customary terms upon which appellee stood his horse, the case might be different, but such was not the offer. Here the proposition was to prove the terms of other contracts in no wise connected with the contract in suit, and we are unable to understand by what rule of evidence the facts offered to be proved could have been relevant to any question in issue. The appellee certainly had the right to make as many

and as various contracts as he could obtain, and the fact that he entered into one kind of an agreement with one or more persons would furnish no presumption that he entered into a similar agreement with the appellant or any other person.

Appellant's counsel, in their brief, assert that they offered to prove, in support of the appellant's counter-claim, "the difference in value of a foal from defendant's mare, sired by a standard bred, and a nonstandard bred stallion, but the court ruled out such evidence." We are not favored by the appellant's counsel with any reference to the pages and lines in the record where such alleged ruling may be found, and can not be expected to search the record for errors.

It is further claimed that the court permitted the appellee to prove that his stallion was, in fact, standard bred if his breeding was as stated in a printed card handed the witness. This, it is insisted, was erroneous as the representations, or statements, in the card, formed no part of the contract. The appellee insists, however, that the evidence shows that the card, or one or more like it, was furnished the appellee at the time the contract was entered into, and formed a part of such contract. As counsel have not seen proper to point out the pages and lines in the record where the alleged erroneous ruling was made, we are unable to determine, without searching the voluminous record of the evidence, whether the printed card was connected with the contract or not. It has been so often decided that in order to secure a reversal the appellant is required to point out the error relied upon, and to establish it affirmatively, that it can not be necessary to cite any authorities in support of the rule.

The appellant requested the court to give the jury an instruction, prepared by his counsel, which the record

shows the court refused to give. The record further shows, however, that among the instructions given by the court, of its own motion, there was at least one which fully covered the subject of the one refused, and contained a correct statement of the law applicable to such question. There was, therefore, no available error in the refusal of the instruction asked for.

Judgment affirmed.

Filed Oct. 10, 1894.