THE WEST FLORIDA LAND COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, PLAINTIFF IN ERROR, VS. ANDREW LEWIS, DEFENDANT IN ERROR.

Where plaintiff in an action for fraud and deceit in the sale of a tract of land, testifies that the defendant at the time of the sale represented to him that there was a street seventy-

five feet wide fronting the land on the east, it is error to per-
mit another witness on behalf of plaintiff to whom, long after
the sale was consummated, the defendant pointed out the
land statin that he had sold it to plaintiff, to testify that de-
fendant then told her there was a street seventy-five feet wide
on all sides of the tract, such testimony being irrelevant and
not admissible in corroboration of the plaintiff's testimony.

Writ of Error to the Circuit Court for Walton
County.

The facts in the case are stated in the opinion of
the Court.

*McLeod & Reeves* for Plaintiff in Error.

*Daniel Campbell* for Defendant in Error.

CARTER, J.:

Defendant in error sued plaintiff in error in the Cir-
cuit Court of Walton county, in an action on the case
for fraud and deceit in the sale of a block of land in the
vicinity of DeFuniak Springs. The declaration alleged
that defendant's agent falsely represented that there was
a street seventy-five feet in width fronting the block
purchased on the east; that defendant executed to
plaintiff a deed which reserved a strip thirty-seven and
one-half feet from plaintiff's block on the east, falsely
representing that there was reserved from the western
portion of the adjoining block thirty-seven and one-half
feet for a street, which, with the reservation of thirty-
seven and one-half feet from plaintiff's block, made a
seventy-five-foot street between them. Defendant
pleaded the general issue, and also several special pleas
denying particular allegations of the declaration. Is-
sues were joined and a trial had, resulting in verdict and

judgment for plaintiff in the sum of $150, from which defendant sued out this writ of error.

The plaintiff testified that George W. Banfill, defendant's agent, represented to him that "there was to be reserved from each of the blocks * * a strip of land thirty-seven and one-half feet wide so as to make between them a street seventy-five feet wide." The plaintiff's wife then testified that she married plaintiff after he had purchased the block from defendant; that some time after her marriage she was out driving with Mr. Banfill; that he showed her the property which he stated he had sold her husband, and stated that there was a street seventy-five feet wide on all sides of the block. Defendant moved to strike this testimony, contending that it was not pertinent to any issue involved, and that the statement to Mrs. Lewis was made long after the sale was consummated and constituted no inducement therefor. The court refused this motion, holding that the testimony tended to corroborate the statements or representations claimed by plaintiff to have been made by defendant at the time of making the sale. Plaintiff was then recalled and testified that Banfill told him that defendant owned both of the blocks of land before referred to, and that "there was a reservation of thirty-seven and one-half feet from both blocks * * for a street between them."

G. W. Banfill was sworn on the part of defendant, and testified that he did not represent to plaintiff that there was a seventy-five-foot street between the blocks, but did tell him that in making sales defendant was authorized by the owners of the two blocks to reserve from each block a strip thirty-seven and one-half feet wide for the purpose of making a seventy-five-foot street between them; that defendant at that time did have that authority and exercised it so far as

the block sold plaintiff was concerned, by reserving from his deed thirty-seven and one-half feet for the street, but that when the owner of the other block executed a deed for it several years after the sale to plaintiff he neglected to make the reservation which defendant had been authorized to make.

The errors assigned in this court relate to the ruling on the motion to strike Mrs. Lewis' testimony, and to the refusal of the court to grant a new trial. As we remand the case for a new trial because of the ruling on motion to strike testimony, it becomes unnecessary for us to determine whether the evidence was sufficient to support the verdict.

No rule is better established than that which confines the evidence to the points in issue, and excludes all evidence of collateral facts which are incapable of affording any reasonable presumption as to the principal matters in dispute. This rule includes in general the acts and declarations, either of third persons or of one of the parties in his dealings with others not parties to the suit, and while there are some well recognized exceptions to the rule it is not perceived that the testimony of Mrs. Lewis falls within any of these exceptions. Her testimony did not relate to any attempt upon the part of Banfill to perpetrate a fraud upon her or any other person, nor did the statements made to her have any connection with the alleged fraud before that time perpetrated upon plaintiff, nor did they tend in the slightest degree to prove that Banfill had before that time made similar statements to her husband. Banfill's statements to her did not purport to narrate any representations made by him to her husband at the time of his purchase, and having been made long after the sale to plaintiff, they did not enter into the inducements or representations held out to him to make the purchase.

The court below seems to have admitted the evidence upon the theory that it tended to corroborate plaintiff's testimony, to the effect that Banfill told him a seventy-five-foot street was reserved between the two blocks. We are clearly of opinion that the evidence was inadmissible for that purpose. It has been frequently held that in general no reasonable presumption can be drawn as to the making or execution of a contract by a party with one person, in consequence of the mode in which he has made or executed similar contracts with other persons. Aikin v. Kennison, 58 Vt. 665, 5 Atl. Rep. 757; Kelley v. Schupp, 60 Wis. 76, 18 N. W. Rep. 725; Evand v. Koons, 10 Ind. App. 603; Barden v. Keverberg, 2 Mees. & W. 61. The same is true of verbal declarations. Because a party has said to one person a certain thing at one time, it does not logically follow that he said the same thing to another person at another time. It is true that in cases of fraud great latitude is allowed in the admission of evidence, and where fraud in the purchase and sale of property is in evidence, other frauds of like character committed by the same party at or near the same time are admissible, but the ground of the admission is that it tends to illustrate or prove a material issue in the case, *viz*: the mental state or fraudulent intent of the person charged with fraud, not because it tends to corroborate any witness' version of the manner in which the fraud was perpetrated. Testimony concerning other fraudulent acts is not admitted in proof of the fraudalent acts in issue, but in proof of the mental state, accompanying or actuating the acts in issue. West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 South. Rep. 176. The precise question here involved was considered in the case of Huganir v. Cotter, 92 Wis, 1, 65 N. W. Rep. 364, and with the ruling denying the admissibility of such evidence there made, we

are in entire accord. See also Wilson v. Carpenter's Admr., 91 Va. 183, 21 S. E. Rep. 243; Johnson v. Gulick, 46 Neb. 817, 65 N. W. Rep. 883.

The judgment of the court below is reversed, and a new trial granted.