Fort Worth & Denver City Railway Company v. G. C. Wright..

Decided November 9, 1901.

1.—Live Stock Shipment—Carrier's Contract—Evidence—Pleading as Admission..

Upon an issue as to whether the through shipment of plaintiff's live stock
was on a verbal contract without limitation of liability, or was on a written
contract limiting defendant's liability to injuries occurring on its own line, an
abandoned original petition by plaintiff, alleging that a written contract had
been executed, was relevant and material evidence by admission, whether such
petition was verified or not.

2.—Evidence—Objections to—Practice on Appeal.

Only such objections to the admissibility of evidence as were made and
acted upon in the trial court will be considered on appeal.

3.—Same—Prejudicial Error.

Where it was an issue whether plaintiff's live stock were shipped on a ver-
bal contract without limitation of the carrier's liability, or on a written con-
tract limiting liability to defendant's own line, and there was evidence that the
damages sued for occurred solely on connecting lines, it was prejudicial error
for the court to exclude from the evidence an abandoned petition by plaintiff
averring the execution of a written contract.

Appeal from the County Court of Clay. Tried below before Hon..
H. A. Allen.

*Stanley, Spoonts & Thompson* and *Robert Harrison,* for appellant.

*James F. Carter,* for appellee.

. CONNER, Chief Justice.—This case is again before us on an appeal from a judgment in appellee's favor for damages for injuries alleged to have been inflicted upon a carload of horses shipped from Henrietta, Texas, to Eufaula, Ala. The shipment was routed from Henrietta over the line of appellant company to Fort Worth, Texas, thence over the Texas & Pacific Railway to New Orleans, and thence to point of destination over the Louisville & Nashville Railway. A through rate of $205.50 was agreed upon and paid by appellee to appellant's agent at Henrietta. The principal issue on the trial below seems, as on the former trial, to have been whether the shipment was upon a verbal contract of through shipment without limitation of liability on the part of appellant company, or whether the shipment was by virtue of a written contract, executed and delivered to appellee's agent at the time of shipment, limiting appellant's liability to damage occurring on its own line. See Railway v. Wright, 24 Texas Civ. App., 291, 2 Texas Ct. Rep., 30.

Upon the issue stated the evidence was conflicting, and appellant, in support of its contention, among other evidence, offered the following averments of appellee's original petition, which petition had been superseded under our rules of court by the amended petition upon which the trial was had, to wit: "That at the time of the delivery of said horses by plaintiff to defendant as aforesaid, defendant executed and delivered a contract to plaintiff, by the terms of which it agreed and promised to carry and transport said horses from Henrietta, Clay County, Texas, to Eufaula, Ala., with reasonable diligence and speed, and with safety and security, and like good condition over its said line of road and over its said connecting lines of road as aforesaid. That said contract was executed in duplicate, plaintiff retaining the original and defendant retaining in its possession a copy of said contract, which said contract, bill of lading, or waybill was a through contract, bill of lading, or waybill from Henrietta, Clay County, Texas, to Eufaula, Ala., and was by said connecting lines of defendant recognized, accepted, and acquiesced in as such. The plaintiff says that the original contract delivered to him by defendant is lost, and that he is unable to attach same to his petition, but says that defendant now has in its possession a true copy of said original, and notice is here now given said defendant to produce same in court on the trial of this cause, or parol testimony will be offered to prove its contents." To this testimony appellee objected on the ground "that the same was not sworn to and was not competent evidence." The objection was sustained and the evidence excluded, and hence arises appellant's twenty-first assignment of error.

In no view that has been suggested or that has occurred to us have we been able to avoid the conviction that the exclusion of this evidence on the ground stated was erroneous as assigned. That it was relevant

and material, if admissible, we think should be conceded, the contention of appellee to the contrary notwithstanding. But that this may be made perfectly apparent it need only be stated that neither delay nor damage was shown to have occurred on the line of appellant's road; appellee and his agent, Mr. Blalack, who accompanied the horses, both testified in substance that the contract of shipment was verbal, while Mr. Watrous, appellant's agent at Henrietta, who made the shipment, testified that he "wrote out the contract for the shipment. * * * A few days before * * * Mr. Wright asked me what the rate would be to Eufaula, Ala., and I replied that I would have to inquire * * * I wired, and then quoted the rate to Mr. Wright and he got the horses ready to ship, and I placed the order for the car, and they were loaded and shipped. There was no difference between conversation between Mr. Wright and myself in regard to this shipment than in regard to any other shipment. He asked for the lowest through rate, and that is what I asked for and quoted him. There was a higher rate; * * * the lower rate applied to a shipment under a limited liability contract. * * * If Mr. Wright had come to me and said he did not want to make the written contract that was made with Mr. Blalack afterwards, I would have pursued the same course that I did; that is, wire * * * for the rate under the nonliability contract. * * * When I presented this contract (the written contract containing the limitation invoked by appellant) to Mr. Blalack he signed it. The train had started and stopped long enough for him to sign and get on again. * * * I have prepared quite a number of contracts for shipments for both Mr. Wright and Mr. Blalack at various times, and they were the same contracts as I made out on this occasion. There was nothing whatever different in this contract that I made with Mr. Blalack and Mr. Wright at this time from the contracts we always made for shipments prior to this time. If Mr. Blalack had refused to sign written contract I would not have allowed stock to go on." Mr. Blalack admitted making the written contract as stated by Watrous, but the effect of its execution was excused on the ground that he was not given time to read it, did not know its contents, and that there was no consideration therefor.

In this state of the testimony it was certainly relevant and material to show, if appellant could do so, that appellee had made admissions or declarations, written or otherwise, to the effect that the shipping contract in question was not the verbal contract upon which he relied on the trial, but the written one with limitation of liability pleaded in defense by appellant. The pleading offered and excluded certainly tended to show an admission or declaration to this effect that purported on its face to be the language of appellee. If sworn to or signed by him, or if such pleading was made with his knowledge and consent and by his direction the declarations were admissible against him by the great weight of authority. See Barrett v. Featherstone, 89 Texas, 567, and cases cited in the majority opinion. In many of the decisions it is held that admissions or declarations of an adverse party in abandoned plead-

ings are admissible, when relevant in all cases, whether verified or signed by him or not, or whether or not it be first shown that the declaration had been made with the knowledge and authority of the party in whose behalf the declarations had been made; the rule being to admit the pleading subject to the right of explanation by the party against whom it is offered. See cases cited in 8 Enc. of Pl. and Prac., p. 20, et seq., and in Boots v. Canine, 94 Ind., 408, where the subject is discussed at length. And such seems to be the effect of the ruling of our Court of Civil Appeals of the Fourth District. See Railway v. Eckles, 54 S. W. Rep., 651; Jordan v. Young, 56 S. W. Rep., 762; Railway v. Wellington, 57 S. W. Rep., 856; Prouty v. Musquiz, 59 S. W. Rep., 568. We are not required in the present case to go to the extent of the rule as last stated, but in view of the authorities cited, we think it quite plain that the pleading now under consideration ought not to have been excluded merely because it has not been verified.

It is urged that, to have been admissible, it should have been further shown that the pleading offered was made with the knowledge of appellee himself, and not merely by his attorney. As to this, we think it sufficient now to say that no such objection was made, nor was this the ground of exclusion. We must assume that if any such ground of objection had existed it would have been urged. No person more certainly than appellee and his counsel know whether such was the fact, and their failure at the time to urge any such objection may be said to indicate that the contrary was true. At least, if this objection had been made, appellant would have had the opportunity of meeting it by proof. The rule seems to be established that on appeal only such objections to testimony as have been made and acted on in the court below will be considered. Ellis v. Garvey, 76 Texas, 371; Kimmarl v. Railway, 76 Texas, 687; Tevis v. Armstrong, 71 Texas, 59; Schoch v. City of San Antonio, 57 S. W. Rep., 893, and cases therein cited.

The proof showed that at New Orleans there was a delay of some five or six days, caused by a quarantine regulation of the State of Alabama. There was also evidence tending to show that at and prior to the shipment appellant gave such assurances as to constitute, in effect, a warranty against delay from such cause. Had the proof further shown that the damage sought and recovered by appellee was caused by reason of the delay mentioned, we might well hold that the error discussed relating to the character of the shipipng contract was immaterial. But while such delay is set up as one of the grounds of recovery and it is alleged that in the interim there was a depreciation in the market price of horses at Eufaula, we fail to find any prof of such depreciation in the market, or of any other material damage arising from delay. The evidence before us tends to show that the injuries to appellee's horses were caused solely by rough handling, failure to feed and water, and long confinement in car and in pens on the lines of appellant's connecting carriers, whose negligence was provided against in the written contract; and if the delay arising out of appellant's breach of warranty, if any, against

a quarantine contributed to the damage done, the manner and degree thereof is not apparent from the record, and hence we can not say that the error of the court in rejecting competent evidence on the vital issue in the case is immaterial.

A number of other assignments of error have been urged, but we finding nothing requiring particular discussion in view of the particular circumstances of this case, and of what has already been stated.

For the error discussed, however, the judgment is reversed and the cause remanded.

*Reversed and remanded.*