HART–PARR CO. v. KRIZAN & MALER.
(No. 6041.)

(Court of Civil Appeals of Texas. Austin. Feb. 26, 1919. On Motion for Rehearing April 9, 1919. Rehearing Denied June 4, 1919.)

1. TRIAL ⟨Key⟩240—INSTRUCTION—ARGUMENTATIVE CHARACTER.

A requested instruction, containing a correct proposition of law, but also containing matters strongly argumentative, and being a very partisan presentation of the issue, was properly refused.

2. FRAUD ⟨Key⟩20 — MISREPRESENTATIONS — INDEPENDENT INVESTIGATION.

If the purchasers of a thrashing machine signed the contract on information which they, or either of them, gained by an independent investigation, judgment should have been rendered for the seller in the purchasers' action for damages on account of misrepresentation.

3. CONTRACTS ⟨Key⟩94(5)—MISREPRESENTATIONS —AVOIDANCE OF CONTRACT.

To avoid a contract for fraud or misrepresentation, it is not necessary that the fraud should have been the sole cause of making the contract, but sufficient if the fraudulent representation was relied on to the extent that it was a material factor in inducing the making of the contract.

4. DAMAGES ⟨Key⟩159(4)—ACTION FOR MISREPRESENTATIONS—TESTIMONY OF LOSS OF PROFITS.

In an action by the purchasers of a thrasher for damages from misrepresentations inducing the purchase, testimony as to loss of profits held admissible in view of the allegations of the petition, against which general demurrer alone was filed.

5. DAMAGES ⟨Key⟩159(8) — FRAUD — TESTIMONY UNSUPPORTED BY PLEADING—EXPENSES INCURRED.

In the purchasers' action for damages for misrepresentations inducing the sale of a thrasher, testimony as to the value of items of expense alleged to have been paid by the purchasers held inadmissible in the absence of allegation that the amount paid was the reasonable value.

On Motion for Rehearing.

6. FRAUD ⟨Key⟩52—ACTION FOR FRAUD—EVIDENCE.

In an action by the purchasers for misrepresentations inducing a sale to them of a thrasher, testimony of a purchaser that, immediately after rejecting the thrasher, he signed a written order for another containing the same stipulations, which he read and understood, held properly excluded in the trial court's discretion, as being a collateral matter.

7. EVIDENCE ⟨Key⟩208(6), 222(1) — ADMISSION — ABANDONED PLEADING.

An admission made by a party against his interest is admissible in evidence whether made in court or out, and whether by the pleading on which he goes to trial or an abandoned pleading.

8. EVIDENCE ⟨Key⟩208(6) — ADMISSION — ABANDONED PLEADING.

In the purchasers' action for damages from misrepresentations inducing the sale of a thrasher, the original answer of the purchasers in the seller's suit to recover on the notes given it, held not admissible as tending to show the purchasers were not entitled to recover for certain items.

9. EVIDENCE ⟨Key⟩208(1)—ADMISSION—PLEADING—INCONSISTENT DEFENSES.

An admission or statement made under one allegation in a pleading is not admissible in evidence as an admission where inconsistent defenses are pleaded.

Error from District Court, McLennan County·; H. M. Richey, Judge.

Suit by Krizan & Maler against the Hart–Parr Company. Judgment for plaintiffs, and defendant brings error. Reformed and affirmed.

Love & Fouts, of Houston, for plaintiff in error.

Rogers & Earle, of Waco, for defendants in error.

Statement of the Case.

JENKINS, J. Plaintiff in error, through its agent, S. M. McCracken, sold defendants in error a thrasher, for the agreed consideration of $930—cash $300, notes $630—retaining a mortgage on the thrasher. The plaintiff in error subsequently foreclosed its mortgage, and sold said thrasher for $375, and collected the remainder by suit against defendants in error.

Defendants in error brought this suit for damages, alleging that the thrasher was worthless to them for the purposes for which it was bought, and that they were induced to buy same through the fraudulent representations of said agent; that said thrasher proved to be worthless for the purposes for which it was bought; and that after testing the same they promptly returned it to the depot at which it was received, and notified plaintiff in error of that fact.

Defendants in error claimed as damages the price they paid for the thrasher, the money expended in attempting to operate it, and profits which they would have made if it had been as represented.

Plaintiff in error answered by general and special exceptions, general denial, and alleged that the thrasher was sold under a written contract, which limited their liability as therein set out, and denied that there had been any breach of warranty, as contained in said written contract.

Defendants in error, by a supplemental petition, alleged that their signatures to said

written contract were obtained by certain false and fraudulent statements of said agent, whereby they were prevented from reading said contract, but were led to believe that it was only an order for a thrasher, stating the price and terms of payment.

### Findings of Fact.

In response to special issues submitted by the court, the jury found:

(1) That the signatures of defendants in error to the written contract were procured through the fraud of plaintiff in error's agent.

(2) That said agent did not read or explain said contract to defendants in error.

(3) That the thrasher was materially defective for the purposes for which it was ordered.

(4) That defendants in error did not refuse to allow plaintiff in error's expert agent to attempt to remedy the defects.

(5) That the reasonable market value of the thrasher at the time and place of its delivery was $375.

(6) That the reasonable market value of the machine ordered by defendants in error was $1,224.40.

(7) That plaintiff in error's agent guaranteed that the freight would not exceed $90.

(8) That the oats wasted in attempting to operate the machine were of the reasonable market value of $60.

(9) That the profits lost while trying to operate the machine, and before defendants in error could get another thrasher, were $300.

(10) That defendants in error were induced, in part, to sign the written contract by the representations and statements of C. R. Westmoreland.

(11) That defendant in error Maler was induced, in part, to sign the written contract by the statement of plaintiff in error's agent that if he did not do so the thrasher would be sold to defendant in error Krizan, and that he (Maler) would not be a partner therein.

Judgment was rendered for defendants in error for the amount found in their favor, as above indicated.

The evidence sustains the findings of the jury.

### Opinion.

Plaintiff in error has filed 40 assignments, many of which present the same issue in different terms, but with substantially the same meaning. We shall not attempt to discuss these numerous assignments separately, but will group them in accordance with the points presented.

The first, second, third, fourth, and twenty-first assignments complain of the action of the court in overruling plaintiff in error's demurrers to defendants in error's petition, wherein is pleaded special damages. Five of these demurrers are denominated special demurrers, but they are in fact general demurrers to special paragraphs of defendants in error's petition and supplemental petition. We overrule all of these exceptions.

The fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments are in effect that the court erred in entering judgment on the verdict of the jury for the reasons: (a) Said verdict does not afford a sufficient basis for such judgment; and (b) the findings of the jury are not in response to any issue raised by the pleadings or the evidence. We overrule each of those assignments, for the reason that the evidence was sufficient to raise each of the issues submitted to the jury, and the pleadings of defendants in error were sufficient as against a general demurrer. We will say, however, in this connection, that the allegation that defendants in error were induced to sign the contract by reason of the fraudulent representations of plaintiff in error's agent were not as definite as they should have been, and might have been subject to a special demurrer in this respect; and that, while the evidence is sufficient to support a finding that defendants in error were induced to sign the contract by reason of the fraudulent representations of plaintiff in error, there is no positive statement by either of them that they were so induced to sign the same. Had the jury found that defendants in error were not induced to sign the contract by reason of such representations, but by other facts appearing in the record, the evidence would have sustained such finding.

The thirteenth and fourteenth assignments of error complain of the charge of the court in submitting the issue of fraud, for the reason that the pleadings and the evidence are not sufficient to raise such issue. What we have said in the foregoing part of this opinion is sufficient to dispose of these assignments, and for the reasons stated we overrule the same.

Assignments of error Nos. 13 to 26, inclusive, complain of the action of the court in submitting the issues set out in our findings of fact, for the reason that neither the pleadings nor the evidence was sufficient to raise such issues. We overrule each of these assignments.

The twenty-seventh, twenty-eighth, and twenty-ninth assignments complain of the action of the court in not peremptorily instructing the jury to return a verdict for plaintiff in error. It follows from what we have said herein that this instruction was properly refused.

[1] The thirtieth assignment of error, as to the refusal of the court to give a requested instruction, contains a correct proposition of law, and ought to have been given, but for the fact that the requested charge also contains matter that is strongly argumentative, and is a very partisan presentation of

the issue upon which said charge was requested.

The thirty-first and thirty-second assignments of error are as to the refusal of the court to submit to the jury the following questions:

(1) "Did the plaintiffs or either of them, prior to signing the written order for the thrasher in controversy, make an investigation or obtain information as to the character or efficiency of said thrasher, other than information obtained from, or statements made by, defendant's agent McCracken? You will answer this question 'Yes' or 'No,' as you may find the facts to be."

(2) "In the event you have answered special issue No. 1, requested by the defendant, in the affirmative, you will answer the following question: Were the plaintiffs or either of them influenced in any manner to purchase the thrasher in controversy or to execute the order therefor, by reason of any investigations made or information obtained as to the character or efficiency of said thrasher referred to in special issue No. 1? You will answer this question 'Yes' or 'No,' as you may find the facts to be."

[2] Plaintiff in error submits a correct proposition of law under its thirty-first and thirty-second assignments, which is that, if defendants in error signed the contract upon information which they or either of them gained by an independent investigation, judgment should have been rendered for plaintiff in error. But this is not the issue presented by the question asked in said special requested instruction No. 2. The question there propounded is, "Were the plaintiffs or either of them influenced in any manner?"

If the words "in any manner" had been omitted, and the jury had answered these questions in the affirmative, the findings would have been equivalent to saying that defendants in error were not induced to sign the contract by reason of the fraudulent representations of plaintiff in error's agent, which would have been contradictory of their finding to the first issue submitted to them, and would have necessitated a reversal of the case. With these words included in the question, an affirmative finding would not have been stronger in plaintiff in error's favor than were the findings to the tenth and eleventh special issues, viz. that defendants in error were induced "in part" to sign the contract by reason of the matters stated in said questions.

[3] It is not necessary, in order to avoid a contract on the ground of fraud, that such fraud should have been the sole cause of making the same. It is sufficient if the fraudulent representation is relied upon to the extent that it was a material factor in inducing the making of the contract, and without which the same would not have been made. Buchanan v. Burnett, 102 Tex. 495, 119 S. W. 1141, 132 Am. St. Rep. 900; Ry. Co. v. Jowers, 110 S. W. 951; Ry. Co. v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1196, 1197; Hindman v. Bank, 112 Fed. 931, 50 C. C. A.

623, 57 L. R. A. 115; Tooker v. Alston, 159 Fed. 599, 86 C. C. A. 425, 16 L. R. A. (N. S.) 822; Stackpole v. Hancock, 40 Fla. 362, 24 South. 914, 45 L. R. A. 821; James v. Crosthwait, 97 Ga. 673, 25 S. E. 754, 36 L. R. A. 633; Roberts v. French, 153 Mass. 60, 26 N. E. 416, 10 L. R. A. 657, 25 Am. St. Rep. 611; Bank v. Fletcher, 158 Mich. 162, 122 N. W. 540, 35 L. R. A. (N. S.) 862; 12 R. C. L. § 112, p. 358.

There was evidence tending to raise the issue of an independent investigation. However, we doubt if such evidence was sufficient to bring this case within the rule announced in Patterson v. Bushong, 196 S. W. 962, Newman v. Lyman, 165 S. W. 136, and Cresap v. Manor, 63 Tex. 488. As the submission of this issue was not properly requested, it is not necessary for us to decide this point.

The thirty-third assignment of error, in reference to the representation of Westmoreland, rests upon the ground that the fraudulent representations made by plaintiff in error's agent must have been the sole inducement for defendants in error to sign the contract, and the same is overruled upon the authorities cited in reference to the thirty-first and thirty-second assignments, supra.

The thirty-fourth, thirty-fifth, and thirty-sixth assignments are that the verdict is not supported by the evidence. These assignments are overruled for reasons stated in our findings of fact.

[4] We overrule the thirty-ninth assignment of error, with reference to permitting testimony as to loss of profits. Loss of profits may be recovered in a proper case, and we think defendants in error allege such a case, especially as against a general demurrer.

We have thus overruled all of plaintiff in error's assignments of error, except the thirty-seventh, thirty-ninth, and fortieth, each of which we sustain for the following reasons:

[5] It was error to permit testimony as to the value of certain items of expense alleged to have been paid by defendants in error, for the reason it was not alleged that the amount paid was the reasonable value thereof. Traction Co. v. Bradshaw, 185 S. W. 952. It is elementary that no evidence is admissible which is not based upon pleading.

It was error to refuse to permit plaintiff in error to prove by defendant in error, Krizan, that immediately after rejecting the thrasher purchased from plaintiff in error he signed a written order for another thrasher, which contained the same stipulations and limitations as the order involved in this case, and that he read and understood the conditions of same before he signed it. This testimony was admissible on the weight of the testimony of Krizan that he did not read or have read the contract here involved, and did not understand its contents, and would not have signed the same had he done so. In view of the testimony, both positive and cir-

cumstantial, contradicting the testimony of the witness on this issue, we cannot say that the rejection of such testimony was harmless.

We think the court erred in not permitting the defendants in error to read in evidence the original answer of defendants in cause No. 67393, which was a suit to recover on the notes given for the thrasher involved in this case. This evidence was offered to show that the contentions of plaintiff in error in that case were different from those in the instant case. It was admissible as affecting the credibility of defendants in error, and their good faith as to the contentions herein made by them.

For the reasons stated, the judgment of the trial court herein is reversed, and this cause is remanded.

Reversed and remanded.

### On Motion for Rehearing.

At a former day of the present term of this court we reversed and remanded the judgment of the trial court herein upon three points, namely: First, for refusing to permit plaintiff in error to prove by Krizan, defendant in error, that he signed a written order for another thrasher, as stated in the opinion herein; second, in not permitting defendants in error to read in evidence the original answer of defendants in cause No. 67393, as stated in the opinion herein; and, third, in permitting testimony as to the value of certain items of expense alleged to have been paid by defendants in error.

[6] As to the first point we were of the opinion that the testimony was admissible as tending to impeach Krizan. Defendants in error in their brief herein did not reply to this assignment of error. They have, however, in their motion for a rehearing called our attention to some authorities upon the subject, an examination of which has convinced us that we were in error.

In the first place, the purchase of the second thrasher, for which the defendants in error gave a written order, was a collateral matter, and in such cases the admission of testimony with reference to such matters is largely within the discretion of the court, and we do not think that the court abused its discretion in refusing to allow the parties to go into this matter. The offered testimony with reference to the same would have shown that defendants in error purchased a Case thrasher in Dallas soon after rejecting the thrasher which they bought from plaintiff in error. As to why they signed a written order for said thrasher similar to the one that they signed in this case might have been shown for various reasons, such as their familiarity with the thrasher last bought, their knowledge of the parties that they were buying it from, etc.; and it might also have involved the issue of fraud in obtaining their signature to the second order. The trial court properly exercised its discretion in refusing to open up these collateral matters.

In 17 Cyc. p. 275, it is said:

" * * * That a person is more apt to do than not to do, under similar circumstances, what he has done before. It is equally deducible from experience that, in proportion as volition is eliminated, identical conduct results from similar stimuli, and that, as in other parts of the natural world, similar causes produce like results. The doing of similar acts or the occurrence of similar events is to that extent probative on an issue as to whether the particular act was done by the same person or like occurrence happened at another time. But experience also demonstrates that the inference is in itself a weak one; that men do not invariably, or even in the great majority of instances, do as they have done before, where the conditions are apparently similar, and that, still more often, the absence of a former element or the presence of a new factor in a psychological or physical combination of causes suffices to produce a very different result. * * * Judges have also realized the practical inconvenience of trying a number of collateral issues at the same time."

In Beakley v. Rainier, 78 S. W. 702, the court said:

"The fact that a defendant has made a particular contract with a third person does not tend to show that he has made a similar contract with the plaintiff."

In Stuart v. Kohlberg, 53 S. W. 596, the court said:

"A fact which renders the existence or nonexistence of any fact in issue probable by reason of its general resemblance thereto, and not by reason of its being connected therewith, is deemed not to be relevant to such fact." Citing Kelley v. Schupp, 60 Wis. 76, 18 N. W. 725; Evans v. Koons, 10 Ind. App. 603, 38 N. E. 350; Newhall v. Appleton, 102 N. Y. 133, 6 N. E. 120; Roberts v. Dixon, 50 Kan. 436, 31 Pac. 1083; Altman v. Fowler, 70 Mich. 57, 37 N. W. 708.

Defendants in error also cite in their motion for rehearing Ry. Co. v. Cabell, 161 S. W. 1087; Kelley v. Davis, 138 S. W. 1186; Levy v. Lee, 13 Tex. Civ. App. 510, 36 S. W. 311.

[7-9] As to the second point, defendants in error in their original brief herein likewise did not reply to the same. We gathered from the brief of appellant that the objection to this testimony was that it was an abandoned pleading. An admission made by a party against his interest is admissible in evidence, whether made in court or out, whether by the pleading upon which he goes to trial, or an abandoned pleading. That an abandoned pleading may be read in evidence in a proper case, see Prouty v. Musquiz, 59 S. W. 568; Coles v. Perry, 7 Tex. 109; Wright v. Mortgage Co., 54 S. W. 368; Jordan v. Young, 56 S. W. 762; Ry. Co. v. Wright, 27 Tex. Civ. App. 198, 64 S. W. 1001.

An examination of the abandoned pleading

offered in this case, as shown by the bill of exception, does not show that defendants in error made any statement or admission therein contrary to any contention which they are making in this case. In that case, which was a suit upon the notes given by defendants in error for the thrasher, in their original answer, after alleging that the machine was worthless, they pleaded as an offset $300 paid by them and freight paid on the machine. In their amended answer in that case they abandoned their offset. The contention of plaintiff in error is that, inasmuch as they claimed these items as an offset in that case, and did not plead the other items of damage herein, namely, loss of profits and of oats, etc., that the inference was that these additional items are an afterthought. This inference does not follow from the facts stated. As defendants in error suggest in their motion for rehearing, they might not have plead these items in that case, for the reason that the suit was pending in Houston, Tex., and their witnesses to establish such claim lived in McLennan county. But whatever might have been their reasons, the fact that they did not plead these items in that case is not admissible as tending to show that they are not entitled to recover for such items in this case. As to reading pleadings in evidence, whether the same be abandoned pleadings or not, an admission or statement made under one allegation in the pleading is not admissible where inconsistent defenses are pleaded. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877.

Defendants in error in their motion for rehearing have offered to remit the amounts recovered for such items as they were not entitled to recover for on account of not having alleged the reasonable value thereof. These items are fan box, $5.25; coal, $8; and engineer, $15; amounting in the aggregate to $28.25.

Defendants having offered to remit as to these items, the judgment of the trial court is here now reformed so that the amount of the judgment will be for $28.25 less than that rendered in the trial court. As thus reformed, the judgment of the trial court is affirmed.

Motion granted.

Reformed and affirmed.