**HAGGERTY v. RYAN, U. S. Dist. Atty., et al.**

No. 4609.

Circuit Court of Appeals, Seventh Circuit.

Nov. 24, 1931.

Robert E. Kennedy and Thomas W. Foley, both of Superior, Wis., and S. J. Kroman, of Minneapolis, Minn., for appellant.

Stanley M. Ryan, U. S. Atty., of Janesville, Wis., and Harold E. Hanson, Asst. U. S. Atty., of Stoughton, Wis., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from an order denying appellant's application for a rule to show cause why a temporary injunction should not be granted. The bill of complaint alleges that federal narcotic agents unlawfully and without search warrant caused appellant's hotel room to be broken into, and a package there found, charged to contain narcotics, to be taken therefrom; that he was taken before the United States commissioner on the charge of violating the Harrison Narcotic Act (26 USCA § 211 and § 691 et seq.), and upon hearing was held to the grand jury. The relief asked is that appellees—the District Attorney and the narcotic agents—be restrained from presenting to the grand jury any evidence gained through the entrance of appellant's room and the seizure of the package.

The bill attaches, and makes a part of it, a transcript of evidence—that of one of the narcotic agents and of a policeman—given at the hearing. From this it appears that the narcotic agents had learned from their superior officer at Chicago that a package of narcotics would be sent by express to Superior, Wis., addressed to Henry C. Whalen, Saratoga Hotel, and that they were instructed to go there to keep a lookout for the package; that, after watching at the express office for two days, a package so addressed arrived, which the express agent opened in their presence, and which was found to contain twenty-five 1-ounce cans of morphine and six pounds of smoking or gum opium, all unstamped; that the narcotic agents communicated with the police department at Superior, and it was arranged that the express agent would bring the package to the hotel (where appellant was registered under the name of Henry C. Whalen), and that two policemen would be present to arrest appellant upon delivery of the package to him; that the express agent brought the package to the hotel, the clerk notified appellant, who asked that it be brought to his room, and the express agent took it to the door, which was opened from within, entered, and gave the package to appellant, who signed for it and put it on a table; that the policemen, to whom the facts had been communicated, walked through the open door into the room and placed appellant under arrest, and then took possession of the package.

These facts appearing from the bill (and nothing else was before the court) plainly indicate that the narcotic agents and the police officers had every reason to believe that Haggerty was in the very act of committing a crime at the time the policemen made the arrest. They saw the contraband package brought to his door and into his room, and by him received. Indeed, they took him in the actual commission of the crime. No warrant for his arrest was necessary. Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 77, 72 L. Ed. 231; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 287, 69 L. Ed. 543, 39 A. L. R. 790. Having lawfully made the arrest in his room, as incidental thereto they might lawfully and without search warrant seize "the things" in his possession or control "used to carry on the criminal enterprise" or "which may be used to prove the offense." Marron v. United States, supra; Carroll v. United States, supra. From the bill it appears they did this and nothing more.

The order appealed from is affirmed.